Case 2:22-cv-04661-SDW-ESK   Document 6-1   Filed 07/25/22   Page 1 of 6 PageID: 363

EXHIBIT 13

**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 21, 2022

Gwyneth Kathleen Murray-Nolan
Murray-Nolan Berutti, LLC
100 E. Hanover Avenue
Suite 401
Cedar Knolls, NJ 07927
*Counsel for Plaintiffs*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: *Ronald A. Berutti and Murray-Nolan Berutti, LLC v. v. The Honorable Freda L. Wolfson, District Court of New Jersey and William T. Walsh, District Court of New Jersey*
Civil Action No. 22-04661 (SDW)(ESK)

Counsel:

Before this Court is Plaintiffs Ronald A. Berutti and Murray-Nolan Berutti, LLC's ("Plaintiffs") Order to Show Cause with Temporary Restraints (D.E. 2), pursuant to Federal Rule of Civil Procedure ("Rule") 65 and Local Civil Rule ("Local Rule") 65.1. This Court, having considered Plaintiffs' submission, has reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, this Court denies Plaintiffs' motion.

### DISCUSSION

A.

This matter arises from a motion Plaintiffs filed in connection with the entry of Standing Order 2021-08 ("the Order"), which was issued by the Honorable Freda L. Wolfson, Chief District Judge of the United States Court for District of New Jersey, and filed by William T. Walsh, Clerk of the United States District Court for the District of New Jersey ("Defendants") on September 20, 2021. (D.E. 1-1 at 2–4.) Specifically, Plaintiffs seek to temporarily restrain Defendants' enforcement of the Order, which was "issued in response to the recent increase in the transmission of COVID-19, due to the delta and other variants, and actions taken by several authorities . . . ." (D.E. 2 at 2; D.E. 1-1 at 2.) Plaintiffs also seek a nationwide injunction prohibiting "Defendants,

or any other member of the United States Judiciary, from promulgating or enforcing any Order mandating that a COVID-19 vaccination status be provided for entry into any Courthouse within the [D]istrict of New Jersey" ("the District"); declarations that the Order violates United States Constitution Amendments I and XIV and 21 U.S.C. § 300bbb; legal fees and costs; and any other relief this Court finds equitable or just. (D.E. 2 at 2.)

Plaintiffs assert that the Order requires that persons "seeking entry in the courthouses within [the District] either . . . present a vaccine card, or . . . have a recent negative PCR test," and that such a requirement "coerce[s] attorneys in our federal courts to become 'vaccinated' with . . . experimental shots[,] which are neither safe nor effective scientifically or in the historical sense," which is, in turn, "irrational and dangerous, as the Order exposes attorneys to great harm or death with such coercion." (D.E. 2-1 at 5–8.) Plaintiffs allege that on June 6, 2022, Plaintiff Berutti ("Mr. Berutti"), an attorney at law, attempted to appear in the District Court of New Jersey (Trenton) on behalf of a client, but was stopped by security personnel at the entrance and asked to produce a vaccine card or a negative PCR test. (*Id.* at 8–9.) Mr. Berutti did not produce either item and was "instructed to wait in his automobile and the Court would call him with instructions." (*Id.* at 9.) The Court offered to proceed with oral argument with Mr. Berutti appearing remotely and opposing counsel appearing in person, but "Mr. Berutti objected on grounds that the Order violated his Equal Protection rights under the 14th Amendment of the United States Constitution, and that the Order violated the Statute and the Regulation."[1] (*Id.*)

Plaintiffs filed a Verified Complaint and the instant Order to Show Cause with Temporary Restraints in this Court on July 20, 2022. (*See* D.E. 1, 2.) In the instant Motion, Plaintiffs point out that the Order "requires that those seeking entry to the District Courthouses must provide vaccination proof or 'proof of a negative result from a PCR test (*not a rapid test*) taken no more than 72 hours prior to seeking entry . . . .'" (D.E. 2-1 at 10 (alteration in original) (emphasis added) (citing D.E. 1 ¶¶ 20–21).) Plaintiffs argue that the currently available vaccines are not safe and effective, and, as of January 1, 2022, PCR tests no longer have Emergency Use Authority (EUA) by the Food and Drug Administration (FDA), thus the Order is coercive and punitive, and is therefore "unenforceable and void." (D.E. 2-1 at 10–28.)

B.

Pursuant to Rule 65, a movant requesting an expedited Order to Show Cause ("OSC") with Temporary Restraints without "written or oral" notice to the movant's opponent must present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B); see L. Civ. R. 65.1(a) (emphasizing that the movant must provide "a clear and specific showing" of exigency by affidavit or other sworn statement).

Plaintiffs provided a verified complaint, per the Rule 65 requirement, but Plaintiffs did not provide any specific facts—let alone a clear and specific showing—that demonstrate that immediate and irreparable harm will befall Plaintiffs if an injunction is not granted, or that there will be "injury, loss, or damage" resulting before the adverse party can be heard. *See* Fed. R. Civ. P. 65; Fed. R. Civ. P. 65(b)(1)(A)–(B); L. Civ. R. 65.1(a). In fact, Plaintiffs brought this Motion

---

[1] Plaintiff's brief does not specify that the objection delineated which statute and regulation were allegedly violated.

well over a month after the incident that gave rise to this action, which indicates that there is no such exigency. Further, Plaintiffs' counsel failed to provide a certification in writing setting forth efforts made to serve notice to Defendants and the reasons such notice should not be required. *See* FED. R. CIV. P. 65(b)(1)(A)–(B). As such, this Motion does not comport with the specific requirements of Rule 65, and therefore does not meet the minimum benchmark showing for this Court to issue an expedited OSC with Temporary Restraints.

C.

Further, Plaintiffs' Motion does not set forth any discernable arguments that justify—or even simply explain—a pressing need for a preliminary injunction. Plaintiffs' Motion is devoid of any analysis of the factors that this Court must consider when granting a preliminary injunction. "A preliminary injunction is an extraordinary remedy that is never to be awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). When considering whether to grant a preliminary injunction, courts must consider whether the party seeking the injunction has shown: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)). The first factor "require[s] [a] plaintiff to 'demonstrate that it can win on the merits,' which involves a showing that its chances of establishing each of the elements of the claim are 'significantly better than negligible.'" *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3rd Cir. 2021) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 & n.3 (3d Cir. 2017)). For the second factor, "[e]stablishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). The first two factors function as critical "gateway factors." *Reilly*, 858 F.3d at 179. If a court finds that the first two factors weigh in favor of the plaintiff, the "court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* "How strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Id.* (quoting *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009) (Easterbrook, C.J.).

Plaintiffs' Motion fails to satisfy the two gateway factors. *See Bimbo Bakeries USA, Inc.*, 613 F.3d at 109. To begin with, Plaintiffs have not demonstrated a likelihood of success on the merits because the Motion is based on an Order that has been amended since its entry. The Order was amended by Standing Order 2022-01, ("Amended Order"), which was entered by the Honorable Chief Judge Wolfson on March 16, 2022—nearly three months prior to Mr. Berutti's visit to the Courthouse. Plaintiffs failed to consider or include the Amended Order in the Motion. The Amended Order is available on the District Court's website under the information tab for attorneys. *See* The Honorable Freda L. Wolfson, U.S. Chief District Judge, Standing Order 2022-01, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY (Mar. 16, 2022), https://www.njd.uscourts.gov/sites/njd/files/SO2022-01.pdf. The Amended Order specifically provides the following: "Standing Order 2021-08 is further amended to provide that visitors seeking entry to Court facilities by way of the testing option may present proof of a negative result from *a rapid test*, rather than a PCR test, along with proof of identification." *Id.*

3

¶ 9 (emphasis added). Because visitors to the Courthouse have the option to provide proof of vaccination or the results of a PCR test *or* a rapid test, Plaintiffs' arguments that PCR tests are not a viable option, and that rapid testing is not acceptable are largely moot. This Court does not examine the issue of whether vaccination is safe and effective because the argument begins with the premise that an alternative is unavailable, and that is not accurate given the Amended Order.

The second gateway factor is also unmet because Plaintiffs did not provide argument or evidence that they will suffer irreparable harm without a preliminary injunction. *See Bimbo Bakeries USA, Inc.*, 613 F.3d at 109. The incident at the heart of the Motion occurred well over a month ago on June 6, 2022, thus there is no obvious exigency to this Motion. Additionally, Mr. Berutti was afforded an alternative means of accomplishing his business with the Court but declined to accept the alternative. (D.E. 2-1 at 9.) The declination of the alternative is not evidence of exigency, and Plaintiffs did not provide any argument indicating that an emergent circumstance and discernible harm have arisen from the event that prompted the instant Motion. Thus, Plaintiffs have not met the burden of proving "a 'clear showing of immediate irreparable injury.'" *ECRI*, 809 F.2d at 226 (quoting *Continental Group, Inc.*, 614 F.2d at 359)).

Because the gateway factors have not been satisfied, this Court does not proceed to an analysis of the remaining two factors. Therefore, this Court will deny Plaintiffs' Motion.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Order to Show Cause with Temporary Restraints is **DENIED**. This matter shall proceed in the normal course. An appropriate Order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Edward S. Kiel, U.S.M.J.

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD A. BERUTTI and MURRAY-NOLAN BERUTTI, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HONORABLE FREDA L. WOLFSON and WILLIAM T. WALSH, <br><br> Defendants. | Civil Action No. 22-04661 (SDW) (ESK) <br><br> **ORDER** <br><br> July 21, 2022 |

**THIS MATTER** having come before this Court upon Ronald A. Berutti and Murray-Nolan Berutti, LLC's ("Plaintiffs") Order to Show Cause with Temporary Restraints (D.E. 2), against the Honorable Freda L. Wolfson, Chief District Judge of the United States Court for District of New Jersey, and William T. Walsh, Clerk of the United States District Court for the District of New Jersey ("Defendants"), and this Court having considered Plaintiffs' submission, for the reasons stated in this Court's Letter Opinion dated July 21, 2022,

**IT IS** on this 21st day of July 2022,

**ORDERED** that Plaintiffs' Motion for an Order to Show Cause with Temporary Restraints is **DENIED**, and

**ORDERED** that this matter shall proceed in the normal course.

**SO ORDERED.**

                                                          /s/ Susan D. Wigenton
                                                   **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Edward S. Kiel, U.S.M.J.
      Parties