

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

___

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

*John F. Basiak Jr.*
*Assistant United States Attorney*
*Deputy Chief, Civil Division*

*402 East State Street, Room 430*
*Trenton, NJ 08608*
john.basiak@usdoj.gov

main: *(609) 989-2190*
direct:*(609) 858-0309*
fax:   *(609) 989-2275*

August 22, 2022

**Via ECF**
Hon. Matthew W. Brann, C.U.S.D.J.
United States District Court
Herman T. Schneebeli Federal Bldg.
& U.S. Courthouse
240 West Third Street
Williamsport, PA 17701

      Re:   *Berutti v. Wolfson*, **Civil Action No. 22-cv-04661**
             **Procedural Status**

Dear Chief Judge Brann:

      This Office represents Chief Judge Freda L. Wolfson and Clerk William T. Walsh (collectively, the "Federal Defendants") in their official capacities in the above-referenced matter, which seeks to prevent the continued enforcement of Standing Orders 2021-08 and 2022-01 in the District of New Jersey and challenge the legitimacy and efficacy of COVID-19 vaccines and testing. We write to clarify the procedural posture of this case and the status of service on the Federal Defendants. We also write to notify the Court that a new standing order will issue soon, which may moot all or some of Plaintiffs' case. Lastly, we write to propose a way forward that would be efficient for both the parties and the Court, which is consistent with Court's prior holding that this matter "shall proceed in the normal course." ECF No. 3 at 4.

### A. Protection of the "Health and Safety of the Public and Court Staff" Through Standing Orders 2021-08 and 2022-01

      Plaintiffs are a lawyer and his law firm purporting to represent a putative class of lawyers admitted to practice in the District of New Jersey. ECF No. 1. Plaintiffs seek to invalidate Chief Judge Wolfson's Standing Orders 2021-08 and 2022-01 and obtain a "national injunction" "[e]njoining and restraining enforcement" of these orders. *See* Amend. Compl. ¶ 90, ECF No. 1; *see also* ECF No.

7 at 2 (proposed order to show cause).  Plaintiffs also seek, among other equitable and declaratory relief, a declaration that no person should be required to "take a PCR test" or rapid test for COVID-19 prior to entry into a courthouse.  *See* Amend. Compl. ¶ 108, ECF No. 6.

Chief Judge Wolfson issued Standing Orders 2021-08 and 2201-01 "in response to the recent increase in the transmission of COVID-19, due to the delta and other variants" and the actions and advice of the Centers for Disease Control and Prevention ("CDC") and the State of New Jersey.[1]  Standing Order 2021-08 sought "to protect the health and safety of the public and Court staff" by, among other things, imposing certain safety protocols such as masking, mandating that Court employees be fully vaccinated by October 19, 2021, and requiring that visitors (such as attorneys, clients, federal agents, and criminal defendants) to any of the District's three courthouses show proof of full vaccination or a negative COVID-19 PCR test result prior to entering the courthouse.  *See id.* at 1-2.  Standing Order 2022-01 amended the testing requirement to permit "a negative result from a rapid test, rather than a PCR test."  *See* ECF No. 3.  It also lifted or revised restrictions on masking and social distancing.[2]

While Chief Judge Wolfson's Standing Orders are tailored to the specific circumstances of New Jersey, federal courts around the country have adopted similar standing orders to protect the health and safety of the public and court staff throughout the COVID-19 pandemic.  For example, the Eastern District of Virginia "has, at times, required unvaccinated individuals to wear a mask when in the courthouse, while permitting vaccinated individuals to be in the courthouse without masks" and employees and contractors of the court "must either be vaccinated against the COVID-19 virus, or alternatively: (1) be tested for COVID-19 twice a week; and (2) wear a mask while indoors in our Courthouses and Court facilities."  *See McArthur v. Brabrand*, No. 1:21-cv-1435, 2022 U.S. Dist. LEXIS 120266, at *13 n.7 (E.D. Va. July 7, 2022) (cleaned up).  Likewise, the Third Circuit continues to permit remote appearances on good cause, and attorneys appearing in person must

---

[1] *See In re: COVID-19 Vaccination & Testing: Requirements of Visitors to Court Facilities and Federal Detainees*, Standing Order 2021-08, https://www.njd.uscourts.gov/sites/njd/files/SO21-08COVID-19VisitorFed.DetaineeVacc.andTesting.pdf (last visited Aug. 19, 2022); *In re Updated COVID-19 Protocols*, Standing Order 2022-01, https://www.njd.uscourts.gov/sites/njd/files/SO2022-01.pdf (last visited Aug. 21, 2022).

[2] https://www.njd.uscourts.gov/sites/njd/files/SO2022-01.pdf (last visited Aug. 21, 2022).

wear their mask "at all times unless arguing at the podium."[3] Attorneys appearing at the Third Circuit are also "directed to conduct a health assessment prior to appearing before oral argument and contact the Clerk's Office immediately with any concerns." *Id.* Similarly, the Chief Judge of the Middle District of Pennsylvania issued Standing Order 2021-10 in June 2021 based on CDC guidance that required masks that "for individuals who are not fully vaccinated."[4]

During the pandemic, Chief Judge Wolfson has taken reasonable and prudent actions to protect Court employees and the public from COVID-19, while preserving the Court's core mission of providing fair and impartial justice and addressing "changing national and local needs."[5] Further, throughout the pandemic, Chief Judge Wolfson has modified standing orders after considering, among other information, virus transmission rates and expert guidance. Moreover, with Standing Orders 2021-08 and 2022-01, there is an element of choice for visitors—they can show a test result or proof of vaccination, or they can seek to appear telephonically or through other remote means.

### B. The Court's Denial of Plaintiffs' *Ex Parte* TRO

On July 20, 2022, Plaintiffs filed their original verified complaint and a request for a temporary restraining order ("TRO"). *See* ECF Nos. 1-2. Plaintiffs argued in their original complaint that they should not be "compelled" to offer "proof of so-called COVID-19 vaccination" status or test results. Compl. ¶ 67, ECF No. 1. They further claimed that COVID-19 vaccines are "not safe or effective," and it is "a matter of scientific fact, that COVID-19 shots are not actually vaccines at all in the traditional sense, and they are not capable of giving a person immunity from the SARS-2 virus." *See id.* ¶¶ 33, 65, 80. Instead, Plaintiffs advocated for "natural immunity" to reduce the spread of COVID-19. *See id.* ¶¶ 65-66. Plaintiffs also alleged that PCR tests for COVID-19 were "no longer authorized," although they did not identify any specific harm from such testing. *See id.* ¶ 26.

On July 21, 2022—the day after Plaintiffs filed their complaint and TRO application, and prior to any appearance from the Federal Defendants—the Honorable Susan D. Wigenton denied Plaintiffs' request for a TRO. ECF No. 3 at 4. The Court held that Plaintiffs did not "meet the minimum benchmark showing" for

---

[3] *Notice Regarding Operations to Address the COVID-19 Pandemic*, https://www.ca3.uscourts.gov/sites/ca3/files/COVID%20Notice%202022.pdf (last visited Aug. 21, 2022).

[4] *See* https://www.pamd.uscourts.gov/sites/pamd/files/general-ordes/2021-10.pdf (last visited Aug. 21, 2022).

[5] *Mission*, https://www.uscourts.gov/statistics-reports/strategic-plan-federal-judiciary (last visited Aug. 22, 2022).

satisfying Local Civil Rule 65.1 or Rule 65 governing injunctions and found that "Plaintiffs did not provide any specific facts—let alone a clear and specific showing—that demonstrate that immediate and irreparable harm." *Id.* at 2-3. "In fact," the Court noted, Plaintiffs filed their TRO request "well over a month after the incident that gave rise to this action, which indicates that there is no such exigency" warranting a TRO. *Id.*

The Court also found no basis to grant a preliminary injunction. *See id.* at 3. The Court held that Plaintiffs' request "does not set forth any discernable arguments that justify—or even simply explain—a pressing need for a preliminary injunction." *Id.* "Plaintiffs' Motion is devoid of any analysis of the factors that this Court must consider when granting a preliminary injunction." *Id.* Specifically, the Court found that Plaintiffs' alleged harm was self-inflicted—and not irreparable—because "Mr. Berutti was afforded an alternative means of accomplishing his business with the Court but declined to accept the alternative." *See id.* at 4. Accordingly, the Court determined that "[t]his matter shall proceed in the normal course." *Id.*

### C. Lack of Notice or Service on the Federal Defendants

It appears that Plaintiffs never notified the Federal Defendants of their initial TRO application and did not satisfy the notice requirements of Rule 65 and Local Civil Rule 65.1. *See id.* at 3 ("Plaintiffs' counsel failed to provide a certification in writing setting forth efforts made to serve notice to Defendants and the reasons such notice should not be required."). Furthermore, there is no evidence that Plaintiffs served the United States with their original complaint under Rule 4(i), which is a prerequisite for the Court to exercise personal jurisdiction over the Federal Defendants. *See Davis v. U.S. B.O.P.*, No. 20-18769 (CPO), 2022 U.S. Dist. LEXIS 127156, at *6-7 (D.N.J. July 8, 2022) (citing *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Service on the Federal Defendants remains defective to this day. *See* ECF No. 5 (summons issued by not returned executed).

### D. The "Automatically Generated" Return Date on Plaintiffs' Duplicative TRO Application

On July 25, 2022, Plaintiffs filed an amended verified complaint and subsequently filed a second request for a TRO, which they styled as a motion challenging Standing Orders 2021-08 and 2022-01. Plaintiffs' second request is effectively the same as the first, except Plaintiffs now allege that offering the option of a negative rapid test for COVID-19 is also unconstitutional. *See* Amend. Compl. ¶¶ 31-33, 82-83, 87, 108. Plaintiffs' allegations of irreparable harm are also effectively the same as the original complaint.

In response to Plaintiffs' motion for a TRO, the Clerk's Office "automatically" generated a return date for the motion of September 6, 2022. *See* ECF No. 7 ("Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court."). However, the Court has not set a specific briefing schedule for Plaintiffs' TRO motion, and it is our understanding that this matter "shall" continue to proceed—as the Court previously ordered when it considered Plaintiffs' first TRO application—"in the normal course." ECF No. 3 at 4. Accordingly, Defendants respectfully contend that the Court has not set a schedule, including the date for the Federal Defendants' opposition, for Plaintiff's TRO motion. It is also our understanding that (1) Chief Judge Wolfson will issue a new standing order later this week, which could moot some or all of Plaintiffs' claims, and (2) Plaintiffs still have not provided the Federal Defendants with the required notice of their follow-on TRO application or served the United States under Rule 4(i).

### E. The Way Ahead

The Federal Defendants respectfully propose that any schedule to be entered for this case, including for the Federal Defendants' opposition to Plaintiffs' pending TRO application, be postponed until after the issuance of the Court's forthcoming standing order, so that it can be determined whether that standing order will moot all or some of Plaintiffs' claims, and after Plaintiffs properly effect service on the United States under Rule 4(i). If Plaintiffs believe that they continue to have a case or controversy once the Court issues its new standing order, we respectfully propose to meet and confer with Plaintiffs to clarify the status of service on the Federal Defendants and establish a briefing schedule on Plaintiffs' motion for injunctive relief or jointly request a conference call with Your Honor.

In advance of filing this letter, we reached out to Plaintiffs' counsel to discuss their defects in service on the Federal Defendants, the procedural posture, and the framework for a proposed briefing schedule. We were not able to reach counsel but left a voicemail inviting him to contact us at his convenience to further discuss these issues.

Thank you very much for your time and consideration of this matter. We are available to discuss this matter at Your Honor's convenience.

                                            Respectfully submitted,

                                            PHILIP R. SELLINGER
                                            United States Attorney

                            By:   /s/ John F. Basiak Jr.
                                            JOHN F. BASIAK JR.
                                            JOHN T. STINSON
                                            Assistant U.S. Attorneys
                                            *Attorneys for Federal Defendants*

cc:      All Counsel (via ECF)