UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD A. BERUTTI and MURRAY-NOLAN BERUTTI LLC, On their own behalves and on behalf Of all other members admitted to the Bar of the United States District Court for the District of New Jersey, including those admitted *pro hac vice*, <br><br>    Plaintiffs, <br><br> v. <br><br> HONORABLE FREDA L. WOLFSON, U.S. Chief District Judge, District of New Jersey, in her judicial capacity, and The UNITED STATES DISTRICT COURTFOR THE DISTRICT OF NEW JERSEY <br><br>    Defendants. | CIVIL ACTION <br><br> Civ. No. 2:22-cv-4661 (SDW)(ESK) |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION SEEKING RECUSAL PURSUANT TO U.S. CONST., AMEND XIV, CL.2 AND 28 U.S.C. §455

MURRAY-NOLAN BERUTTI LLC
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Phone: 908-588-2111
ron@murray-nolanberutti.com
Attorney for Plaintiffs

On the Brief:
Ronald A. Berutti – N.J. Atty ID No. 023361992

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| A. THE AMENDED VERIFIED COMPLAINT | 1 |
| B. JUDGE BRANN'S PRIOR DECISIONS EVIDENCE PROBABLE BIAS | 2 |
| LEGAL ARGUMENT | 6 |
| POINT I: JUDGE BRANN'S DEMONSTRATED HOSTILITY TOWARD CLAIMS SUCH AS THOSE MADE HEREBY BY BERUTTI REQUIRE HIS RECUSAL PURSUANT TO THE DUE PROCESS CLAUSE OF THE CONSTITUTION, AND 28 U.S.C. §455 | 6 |
| CONCLUSION | 9 |

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Aetna Life Ins. Co.* v. *Lavoie*, 475 U. S. 813, 825 (1986) ................................................................ 7

*Braxton v. Spaulding*, 4:21-CV-00544, 2021 U.S. Dist. LEXIS 73370 (M.D. Pa. 2021, April 16, 2021) ................................................................ 3

*Finkbeiner v. Gwisinger Clinic*, 4:21-CV-01903, 2022 U.S. Dist. Ct. LEXIS 154512 (M.D. Pa., August 22, 2022) ................................................................ 4

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 (1988) ................................................................ 8

*Rippo v. Baker*, 580 U.S. 285, 287 (2017) ................................................................ 1, 7

*Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 166 (3d Cir. 2004) ................................................................ 8

*Sessoms v. Trs. of the Univ. of Pa.*, 739 F. App'x 84, 90 (3d Cir. 2018) ................................................................ 8

*United States v. Singh*, 525 F. Supp.3d 543 (M.D. Pa. 2021) ................................................................ 2, 3

*Williams* v. *Pennsylvania*, 579 U. S. 1, 8 (2016) ................................................................ 7

*Withrow* v. *Larkin*, 421 U. S. 35, 47 (1975) ................................................................ 7

**Statutes**

28 U.S.C. § 455 ................................................................ 1, 8

## PRELIMINARY STATEMENT

The plaintiffs, Ronald A. Berutti and Murray-Nolan Berutti LLC ("Berutti"), move pursuant to *U.S. Const.*, Amend. XIV, cl., 2, and 28 U.S.C. § 455, for the recusal of Honorable Matthew W. Brann, C.U.S.D.J. from further presiding in this matter. While Judge Brann is highly regarded and otherwise is respected by Berutti, His Honor's prior Decisions in cases which overlap issues in this case demonstrate a general hostility to the types of positions being taken by Berutti. Under such circumstances, Berutti lacks confidence that it is presenting its case to an unbiased and neutral arbiter of the facts and law. Rather, Judge Brann's hostility toward the issues that Berutti brings before the Court supports the belief that when objectively considering whether the average judge in Judge Brann's position is likely to be neutral, there exists an unconstitutional potential for bias. *Rippo v. Baker*, 580 U.S. 285, 287 (2017). Thus, recusal is required pursuant to the Due Process Clause of the Constitution, and the federal recusal statute.

## STATEMENT OF FACTS

A. **The Amended Verified Complaint.**

The Amended Verified Complaint (Berutti Dec., **Exhibit A**) challenges the Standing Orders of Honorable Freda L. Wolfson, C.U.S.D.J., with respect to vaccination or testing requirements for attorneys entering New Jersey federal courthouses and seeks an injunction against any and all such mandates in federal

1

courthouses throughout the United States. Berutti argues that the Standing Orders (1) are prohibited by federal statute and/or regulation related so informed consent for Emergency Use Authority ("EUA") vaccines and tests; (2) the ineffectiveness of so-called COVID-19 vaccines per studies conducted by Pfizer, Moderna, and Johnson & Johnson; and (3) that the so-called COVID-19 vaccines are not safe. Berutti seeks declarations in such regard, and also that the Standing Orders violate the First Amendment and Equal Protection rights of attorneys admitted to the New Jersey federal Bar.

**B.   Judge Brann's Prior Decisions Evidence Probable Bias.**

Judge Brann has issued a trio of Decisions in cases involving so-called COVID-19 vaccines and/or testing which demonstrate a probable bias against the positions being taken by Berutti herein.

In *United States v. Singh*, 525 F. Supp.3d 543 (M.D. Pa. 2021), a prisoner sought compassionate release from prison "due to the COVID-19 pandemic and his particular susceptibility to the virus." *Id.* at 545. The prisoner suffered "from type 2 diabetes mellitus, obesity, hypertension, and hyperlipidemia, all of which place[d] him at a higher risk of serious illness or death should he contract COVID-19." *Id.* However, the prisoner had "received both doses of the Moderna COVID-19 vaccine …" *Id.* In ruling against the prisoner's petition, Judge Brann wrote, in relevant part (*Id.* at 547)(emphasis added):

> [T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVIID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release. Although vaccines are not one hundred percent effective, the CDC states that '[c]urrently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19" Vaccine are particularly effective at preventing "severe illness and death."
>
> **The Moderna vaccine, which Singh has received, has a 94.1% efficacy rate, and was found with high certainty to prevent symptomatic COVID-19, and with moderate certainty to prevent hospitalization related to COVID-19. In that vein, during Moderna's clinical trial, not a single person who received the vaccine developed severe COVID-19 symptoms.** While new variants of COVID-19 have emerged, the Moderna vaccine remains equally effective against many of the new variants and, although the vaccine is less effective against the B.1.351 variant, one study has shown that the Moderna vaccine still provides "significant neutralization against the full B.1.351 variant following" vaccination.

Judge Brann continued (*Id.* at 548) (emphasis added):

> **[A]s a result of his vaccination, Singh now has significant protection against serious illness or death should he contract COVID-19** and, accordingly, the Court concludes that Singh has not demonstrated that his underlying conditions--in combination with the possibility of COVID-19 infection--provide extraordinary and compelling reasons to grant his motion for compassionate release.

*Braxton v. Spaulding*, 4:21-CV-00544, 2021 U.S. Dist. LEXIS 73370 (M.D. Pa. 2021, April 16, 2021), concerned another prisoner petition for compassionate release. In denying the plaintiff's petition, Judge Brann wrote, in pertinent part, as follows (*Id* at \*\*8-9) (emphasis added):

3

More importantly, Braxton twice refused COVID-19 vaccines; on January 25, 2021, Braxton refused the Moderna vaccine, and on March 23, 2021, he refused the Pfizer-BioNTech vaccine, **both of which are highly effective at not just preventing a COVID-19 infection, but at preventing serious illness or death as a result of a COVID-19 infection.** As courts have noted in other contexts, a **"decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines** ... he cannot simultaneously claim that he must be released because of the risk of complications [from COVID-19] **while refusing a vaccine that could virtually eliminate that risk.** Similarly, Braxton cannot refuse **two highly effective and safe vaccines**--vaccines that millions of Americans are currently desperate to obtain--and simultaneously claim that the COVID-19 pandemic is so threatening to his health and of such urgency that he cannot take the time necessary to properly exhaust his remedies.

Finally, in *Finkbeiner v. Gwisinger Clinic*, 4:21-CV-01903, 2022 U.S. Dist. Ct. LEXIS 154512 (M.D. Pa., August 22, 2022), which post-dates the filing of the within Amended Verified Complaint, Judge Brann swiped at a plaintiff's desire to avoid both vaccination and testing. Judge Brann wrote, in pertinent part (*Id.* at **3-4) (emphasis added):

> In November 2021, unvaccinated employees of various Geisinger healthcare affiliates were given a choice: vaccinate, test, or lose your job ... **Though contorted into six claims, each beings from the same premise: COVID-19 vaccines and tests are unsafe and ineffective.**
>
> **Now there is good reason to reject this statement outright.** By this court's estimation, Finkbeiner's evidence consist of nothing more than **a collection of distorted statements and anti-vaccine hocus-pocus.** But even if that was not the case--**and indeed suspended disbelief is the modus operandi at the pleading stage**--her claims still fail.
>
> The pertinent facts were that the plaintiff represented a class of about 100

4

employees of defendant who were terminated for not taking the vaccine and for refusing so-called COVID-19 testing. With respect to the vaccines, the plaintiff alleged, among other things, that the "SARS Antigen Test has not been FDA cleared or approved but has been authorized b the FDA under an [EUA]," and "I believe this testing is toxic and it's only EUA approved, therefore I do not want to be part of an experiment." (*Id.* at 6) With respect to the vaccine, the plaintiff argued noted that "[w]ith the 99% plus survival rate from Covid, I do not feel injecting chemicals into my body is a better choice than what my own immune system can do with fighting this virus, should I contract Covid." (*Id.* at 5). In holding against the plaintiff, Judge Brann concluded, in pertinent part (*Id.* at *18) (emphasis added):

> **Finkbeiner's complaint makes plaint that she's after a modern-day Scopes trial. She believes that COVID-19 vaccines and tests are a hoax. And she wants this Court to vindicate her views, overturn Geisiinger's policy, and find that she and her colleagues should have been allowed to work--unvaccinated and untested.** But courts cannot simply weigh-in on every issue an employee has with its employer's policy. There must be a legal hook. And she has not provided one.

## LEGAL ARGUMENT

### POINT I

### JUDGE BRANN'S DEMONSTRATED HOSTILITY TOWARD CLAIMS SUCH AS THOSE MADE HEREIN BY BERUTTI REQUIRE HIS RECUSAL PURSUANT TO THE DUE PROCESS CLAUSE OF THE CONSTITUTION, AND 28 U.S.C. § 455.

Judge Brann has already pre-determined many of the issues raised by the Berutti herein and has demonstrated hostility toward such claims. Indeed, when one plaintiff raised similarly raised some of the very serious claims raised herein related to the experimental EUA nature of the so-called COVID-19 vaccines and EUA COVID-19 tests, and related to the unlikelihood of death from COVID-19 and the body's ability to gain natural immunity from the virus without a vaccine, Judge Brann compared such argument to the *Skopes Monkey Trial.* Similarly, Judge Brann referred to a litigant's claims as "anti vaccine hocus-pocus." Such characterizations of the serious claims raised are insulting to the plaintiffs and, we suggest, to the many millions of Americans who have views different than those of Judge Brann on such issues. Moreover, Judge Brann has already pre-determined that the so-called COVID-19 vaccines are safe and effective, and thus cannot be expected to place his own beliefs under the microscope of an adversary hearing without being biased toward his already published views on the subject. Thus, Judge Brann must recuse himself due to the possibility of his being biased against Berutti's claims.

The United States Supreme Court has noted that a judge must sometimes recuse himself consonant with the Due Process Clause. In *Rippo*, supra, 580 U.S. at 287, the high court wrote (emphasis added):

> Under our precedents, the Due Process Clause may sometimes demand recusal even when a judge "'ha[s] no actual bias.'" *Aetna Life Ins. Co.* v. *Lavoie*, 475 U. S. 813, 825 (1986). **Recusal is required when, objectively speaking, "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable."** *Withrow* v. *Larkin*, 421 U. S. 35, 47 (1975); see *Williams* v. *Pennsylvania*, 579 U. S. 1, 8 (2016) ("**The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias**" (internal quotation marks omitted)).

Here, Judge Brann has been openly contemptuous toward claims previously raised by litigants who had come before His Honor with similar issues as are being raised by Berutti herein. When some overlapping "hocus-pocus" claims have been compared to the *Skopes Monkey Trial*; when the Court mockingly asserts that a Complaint alleging the lack of safety and effectiveness requires "suspended disbelief"; when a Court has determined that the very studies being challenged as demonstrating a lack of efficacy for the so-called COVID-19 vaccines demonstrates "a 94.1% efficacy rate"; when a Court determines that an unhealthy man who refuses the so-called COVID-19 vaccine must remain imprisoned because he refused "two highly effective and safe vaccines," then that same Judge cannot be expected to rule differently, no matter what evidence may be presented to the contrary (and there is

7

plenty!).

Further, 28 U.S.C. § 455(a), also required recusal. Such statute mandates: "Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"Recusal is required 'in any proceeding in which [the judge's] impartiality might reasonably be questioned." *Sessoms v. Trs. of the Univ. of Pa.*, 739 F. App'x 84, 90 (3d Cir. 2018) (quoting *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 166 (3d Cir. 2004)). The standard is an objective one; recusal is required only if a reasonable person knowing all the circumstances would question the judge's impartiality. *Id.* "Scienter is not an element of a violation of § 455(a). The judge's lack of knowledge of a disqualifying circumstance may bear on the question of remedy, but it does not eliminate the risk that 'his impartiality might reasonably be questioned' by other persons." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 (1988).

Here, as noted above, Judge Brann's impartiality is questioned based on his own written Decisions. Such questioning of impartiality, it suggested, is beyond reasonable under the totality of the circumstances present.

8

## CONCLUSION

The First Amendment exists because people have world views that are different and must be allowed to express such differences without fear of government retribution. It is fine that Judge Brann, as a citizen, and even as a jurist, has differing views on the so-called COVID-19 vaccines and tests than does Berutti. However, such differing views being so openly and publicly pronounced and divergent, it is unreasonable to assume that Judge Brann can sit in judgment of Berutti's contrary claims based on contrary views in an unbiased manner. For such reasons, Judge Brann must recuse himself from this matter, and a new Judge must be assigned to this case for determination.

Respectfully yours,

MURRAY-NOLAN BERUTTI LLC

By: *Ronald A. Berutti*
Ronald A. Berutti

Dated: October 31, 2022