PHILIP R. SELLINGER
United States Attorney
JOHN F. BASIAK JR.
JOHN T. STINSON
Assistant United States Attorneys
402 East State Street, 4th Floor
Trenton, NJ 08608
*Attorneys for Federal Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD A. BERUTTI, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>HONORABLE RENÈE M. BUMB, Chief United States District Judge, in her judicial capacity, MELISSA RHOADS, Clerk of the United States District Court for the District of New Jersey, in her official capacity,<br><br>*Defendants.* | Hon. Matthew W. Brann, C.U.S.D.J. (presiding by designation)<br><br>Civil Action No. 22-cv-4661 |

---

### FEDERAL DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF A MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)

---

On the brief:

John F. Basiak Jr.
John T. Stinson
Assistant United States Attorneys

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................... 1

LEGAL ARGUMENT ............................................................................................... 2

I.   Mr. Berutti's Courthouse Incident is Not "Capable of Repetition" ..................... 2

II.  Plaintiffs Are Not Entitled to Jurisdictional Discovery ........................................ 5

III. The Court Has No Reason to Reconsider its Prior Ruling Based on Plaintiffs'
     Rehashed Injury-in-Fact Allegations ................................................................... 6

IV.  Chief Judge Wolfson Did Not Violate Rule 83(b) ............................................. 7

V.   The Standing Orders Do Not Violate Mr. Berutti's Alleged "Right of Audience"
     or the Equal Protection Clause ......................................................................... 10

CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Baer v. United States*, 722 F.3d 168, 177 (3d Cir. 2013) ............................................... 5

*Berutti v. Wolfson*, No. 22-cv-4661,
   2023 U.S. Dist. LEXIS 14131 (D.N.J. Jan. 27, 2023) ........................................... 6, 8

*City Serv. Co. v. Gulf Oil Corp.*, 976 P.2d 545 (Ok. 1999).................................... 10, 11

*Clark v. Governor of N.J.*, 53 F. 4th 769 (3d Cir. 2022) ............................................... 5

*Cty. of Butler v. Governor of Pa.*, 8 F.4th 226 (3d Cir. 2021) ........................... 2, 3, 4, 5

*Edelstein v. Wilentz*, 812 F.2d 128 (3d Cir. 1987)...................................................... 11

*Elliott v. Foufas,* 867 F.2d 877 (5th Cir. 1989) ........................................................... 8

*In re Peterson*, 253 U.S. 300 (1920) ......................................................................... 9

*In re Roberts*, 682 F.2d 105 (3d Cir. 1982) ............................................................... 10

*Maliandi v. Montclair State Univ.*, 845 F.3d 77 (3d Cir. 2016) .................................. 5

*Messina v. Coll. of N.J.*, 566 F. Supp. 3d 236 (D.N.J. 2021) ...................................... 7

*Newark Branch, NAACP v. Millburn Township*, No. 89-4219,
   1990 U.S. Dist. LEXIS 17559 (D.N.J. Dec. 27, 1990) .......................................... 7

*Oberheim v. Bason*, 565 F. Supp. 3d 607, 610-11 (M.D. Pa. 2021) ....................... 7, 11

*Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173 (3d Cir. 1988) ........................ 6

*Stepien v. Governor of N.J.*, No. 21-3290,
   2023 U.S. App. LEXIS 8197 (3d Cir. Apr. 6, 2023)................................................. 4

*Tolchin v. Supreme Court*, 111 F.3d 1099 (3d Cir. 1997).......................................... 10

*United States v. Howard*, 20-cr-53,
   2021 U.S. Dist. LEXIS 81995 (M.D.Pa. Apr. 29, 2021) ......................................... 10

*United States v. Kaetz*, No. 2:21-cr-71,
   2021 U.S. Dist. LEXIS 65591 (D.N.J. Apr. 5, 2021) ............................................... 9

*United States v. Lev*, Mag. No. 17-3195,
   2020 U.S. Dist. LEXIS 90534 (D.N.J. May 22, 2020) ............................................. 9

## PRELIMINARY STATEMENT

Plaintiffs' opposition brief leaves little doubt that Mr. Berutti is using this case as a platform to litigate his belief that "so-called" COVID-19 vaccines are "deadly" and that this country's pandemic policies have been ill-advised.  But Mr. Berutti's public health and policy disagreements do not manifest in jurisdiction before a federal court. Under Article III of the Constitution, federal courts can only decide "Cases" and "Controversies" involving a concrete and particularized injury continuing throughout the litigation, and Plaintiffs cannot satisfy this standard. It is undisputed that Chief Judge Wolfson's standing orders no longer affect Mr. Berutti's ability to enter the District's courthouses, and there is no reasonable expectation that Mr. Berutti's courthouse incident is capable of repetition. The public health landscape concerning COVID-19 has fundamentally changed, and on April 10, 2023, the President terminated the national emergency related to the COVID-19 pandemic upon which Chief Judge Wolfson's standing orders were premised in part. *See* Public Law 118-3. Furthermore, Plaintiffs failed to cure the jurisdictional deficiencies identified by the Court in its prior dismissal of Plaintiffs' complaint. Thus, the Court should dismiss the complaint under Rule 12(b)(1).

Nor are Plaintiffs entitled to any jurisdictional discovery. The Federal Defendants' motion to dismiss constitutes a facial attack to jurisdiction based only on the allegations in the complaint or documents intrinsic to the complaint or publicly available on government websites. Thus, the Court has at its disposal all the information to rule on the Federal Defendants' motion to dismiss, and jurisdictional discovery is unnecessary and procedurally inappropriate.

Additionally, Chief Judge Wolfson did not violate Rule 83(b) of the Federal Rules of Civil Procedure or any statute limiting the use of standing orders. Mr. Berutti did not suffer a "sanction or other disadvantage" from the standing orders. And Mr. Berutti had sufficient notice of the standing orders under Rule 83(b) because they were posted on the Court's website nine months prior to Mr. Berutti's alleged courthouse incident.

Lastly, Plaintiffs cannot state a claim for relief under the First Amendment or the Equal Protection Clause grounded in an alleged "right of audience." There is no unqualified "right of audience," and whether the alleged right exists in some qualified fashion, the standing orders did not violate Mr. Berutti's rights. The standing orders are subject to rational basis review and were rationally related to an important government function—the health and safety of courthouse visitors and personnel. Thus, the Court should dismiss Plaintiffs' complaint under Rule 12(b)(6).

## LEGAL ARGUMENT

### I. Mr. Berutti's Courthouse Incident is Not "Capable of Repetition"

Plaintiffs seek to avoid dismissal based on mootness by speculating that Mr. Berutti's courthouse incident is capable of repetition yet evading review. *See* Opp. Br. at 16, ECF No. 39. It is not. The capable-of-repetition exception to mootness is "narrow and applies only in exceptional situations where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Cty. of Butler v. Governor of Pa.*, 8 F.4th 226, 231 (3d Cir. 2021) (cleaned up). Plaintiffs cannot satisfy their burden on either of these elements.

First, Plaintiffs had a reasonable opportunity to litigate their challenge to the vaccination-or-testing requirement before it became moot. Plaintiffs filed their complaint and an *ex parte* TRO application on July 20, 2022 and received a ruling from the Honorable Susan D. Wigenton, U.S.D.J., the following day. *See* ECF Nos. 1-4. Judge Wigenton found that "Plaintiffs did not provide any specific facts—let alone a clear and specific showing—[demonstrating] immediate and irreparable harm." ECF No. 3 at 2-3. Indeed, Judge Wigenton noted that Plaintiffs could have moved faster to litigate their claims but waited "well over a month after the incident," indicating "that there is no such exigency" warranting a TRO. *Id.* This lack of urgency undermines Plaintiffs' allegation that their challenge to the vaccination-or-testing requirement was too short in duration to fairly litigate.[1]

Second, there is no reasonable expectation that Mr. Berutti will be subject to the same courthouse incident again. The standing orders giving rise to Mr. Berutti's incident stemmed from a unique moment in history—the "increase in the transmission of COVID-19 due to the delta and other variants" in September 2021, specific guidance at that time from the CDC, and the existence of a "National Emergency and the New Jersey State of Emergency."[2] Those fact-specific

---

[1] Furthermore, Plaintiffs had the opportunity to develop their record through expert reports and declarations and have their challenge heard on an expedited basis by Judge Wigenton, which is sufficient to defeat their argument that this action was too short in duration. *See* ECF Nos. 1-2 (Declaration of Dominic M. Pedulla, M.D.), 1-3 (Declaration of Michael Babich, Ph.D.); *see also City of Butler*, 8 F.4th at 231 (noting "full evidentiary record" and consideration "on an expedited basis" undermined allegation that action was too short in duration).
[2] *See* Standing Order 2021-08, https://www.njd.uscourts.gov/sites/njd/files/SO2022-01.pdf (cleaned up).

circumstances memorialized in the standing orders are no longer present. This is evident by Chief Judge Wolfson's rescission of the vaccination-or-testing requirement based in part on "updated CDC guidance" and the increased availability of medical treatment for COVID-19.[3] Additionally, the national emergency—upon which Chief Judge Wolfson based in part the vaccination-or-testing requirement—is over. On April 10, 2023, the President signed into law House Joint Resolution 7 terminating the national emergency. *See* Public Law 118-3. Thus, Plaintiffs cannot satisfy their burden to overcome mootness under the test set forth in *City of Butler*.

Plaintiffs' general observation that "[t]he coronavirus is here to stay" does not save them from dismissal based on mootness. *See* Opp. Br. at 17. Merely because the coronavirus continues to exist does not mean our Nation will return to the pandemic conditions that existed in September 2021 or that the CDC, the President, or a Chief Judge would respond to those conditions the same way. In other words, a "resurfacing [COVID-19] controversy" would not have "the same fit between the existing conditions and 'the mandate's particulars'" because of "vaccines, therapeutics, and other mitigation measures have changed the COVID landscape for the better." *Stepien v. Governor of N.J.*, No. 21-3290, 2023 U.S. App. LEXIS 8197, at *6-7 (3d Cir. Apr. 6, 2023) (citing *Clark v. Governor of N.J.*, 53 F. 4th 769, 779 (3d Cir. 2022))

---

[3] *See* Standing Order 2022-02, https://www.njd.uscourts.gov/sites/njd/files/StandingOrder2022-02COVIDProtocols.pdf (vaccination-or-testing requirement rescinded based in part on "updated CDC guidance").

4

(COVID-19 mask challenge held moot). Thus, the Court should dismiss the complaint as moot.

## II.   Plaintiffs Are Not Entitled to Jurisdictional Discovery

Plaintiffs make a one-sentence suggestion that they are entitled to jurisdictional discovery to avoid mootness. Opp. Br. at 14. Not so. The party seeking jurisdictional discovery must demonstrate a "reasonable expectation that discovery will reveal evidence" to defeat the Federal Defendants' mootness argument. *See Baer v. United States*, 722 F.3d 168, 177 (3d Cir. 2013). Plaintiffs cannot satisfy this standard for two reasons.

First, Plaintiffs' theory for jurisdictional discovery is belied by the undisputed record. Chief Judge Wolfson only issued COVID-related standing orders to protect the "public health and safety" of Court personnel and visitors through "reasonable and prudent actions," while remaining committed to the Court's mission of rendering "sound administration of equal justice under law."[4] There are no plausible allegations that Chief Judge Wolfson deviated from these stated purposes or that Chief Judge Wolfson would rescind the vaccination-or-testing requirement to moot Plaintiffs' lawsuit. Courts must assume "that government officials act in good faith" in taking action that moots litigation. *See Cty. of Butler*, 8 F.4th at 230-31.

Second, the Federal Defendants are making a facial (not factual) attack to jurisdiction. *Cf. Maliandi v. Montclair State Univ.*, 845 F.3d 77, 89 n.10 (3d Cir. 2016); *see, e.g., Landair Transp., Inc. v. Del's Truck & Auto Repair*, No. 17-0723, 2018 U.S.

---

[4] *See, e.g.*, https://www.njd.uscourts.gov/sites/njd/files/StandingOrder2.pdf.

Dist. LEXIS 26519, at *6 n.1 (M.D. Pa. Feb. 20, 2018) (documents on state website properly considered in facial attack to jurisdiction). Thus, the Court has at its disposal all the information necessary to rule on the Federal Defendants' motion to dismiss for lack of jurisdiction, and it would be procedurally inappropriate for Plaintiffs to try and cure their pleading deficiencies through speculative discovery requests in an opposition brief concerning Chief Judge Wolfson's intentions as to mootness. *See Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (quotations omitted).

## III. The Court Has No Reason to Reconsider its Prior Ruling Based on Plaintiffs' Rehashed Injury-in-Fact Allegations

Plaintiffs' allegations concerning Mr. Berutti's courthouse incident have remained largely unchanged throughout this litigation. *Compare* Compl. ¶¶ 13-20, ECF No. 1 *with* Second Amend. Compl. ("SAC") ¶¶ 17-32, ECF No. 30. Consequently, Plaintiffs' latest complaint is effectively a request for the Court to reconsider its prior ruling that Plaintiffs lacked an injury-in-fact for standing. The Court should decline to do so.

In its prior ruling, the Court found that "Berutti fails to allege any harm from being denied entry or being forced to reschedule [an] oral argument" because of the vaccination-or-testing requirement. *Berutti v. Wolfson*, No. 22-cv-4661, 2023 U.S. Dist. LEXIS 14131, at *17 (D.N.J. Jan. 27, 2023). Mr. Berutti did not suffer "any sort of physical, economic, or even reputational harm from being denied entry to the courthouse and prevented from arguing in person." *Id.* And "[h]e does not allege, for

example, that being denied entry caused him to lose business or suffer embarrassment." *Id.* "Nor does he allege that he lost business or revenue from being forced to reschedule the oral argument." *Id.* Plaintiffs do not cite a single factual allegation from their latest complaint to refute these findings. *See* Opp. Br. 18-21. Thus, the Court should dismiss the latest complaint for the same reason it dismissed the prior complaint. Alternatively, the Court should dismiss Plaintiffs' complaint under the doctrine of the law of the case. *See Newark Branch, NAACP v. Millburn Township*, No. 89-4219, 1990 U.S. Dist. LEXIS 17559, at *20-21 (D.N.J. Dec. 27, 1990) (applying law-of-the-case doctrine to repeat allegations of injury-in-fact).

Plaintiffs insist that the alleged violation of his "right of audience" is sufficient for standing. Opp. Br. at 19. But as further discussed below, Mr. Berutti does not have an unqualified "right of audience" that was infringed. And not every minor inconvenience in life amounts to a constitutional violation requiring federal court litigation. *See Oberheim v. Bason*, 565 F. Supp. 3d 607, 610-11 (M.D. Pa. 2021) (rejecting COVID-19 masking challenge because "the Constitution does not shield us from all things we dislike") (Brann, C.J.). Indeed, "routine testing" procedures for COVID-19 are generally not "constitutionally problematic." *See Messina v. Coll. of N.J.*, 566 F. Supp. 3d 236, 248 (D.N.J. 2021) (testing mandate for vaccine-exempt college students) (quotations omitted). Thus, Plaintiffs lack standing, and the Court should dismiss the complaint for lack of subject-matter jurisdiction.

## IV.    Chief Judge Wolfson Did Not Violate Rule 83(b)

Count three of the complaint refers to "Statute and Regulatory Violations." SAC ¶¶ 114-17.  While this count appears to be a rehash of Plaintiffs' prior claim

under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 360bbb, which
the Court dismissed,[5] Plaintiffs clarified in their briefing that count three is based on
Rule 83(b) of the Federal Rules of Civil Procedure.  *See* Opp. Br. at 22-24.  Either way,
count three fails.[6]

Under Rule 83(b), "[a] judge may regulate practice in any manner consistent
with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's
local rules," but "[n]o sanction or other disadvantage may be imposed for
noncompliance with any requirement not in federal law, federal rules, or the local
rules unless the alleged violator has been furnished in the particular case with actual
notice of the requirement."

Plaintiffs' Rule 83(b) claim fails for three reasons. First, Plaintiffs did not
suffer a "sanction or other disadvantage" under Rule 83(b) from the standing orders.
As noted above, Plaintiffs did not suffer *any* injury-in-fact from the standing orders.
*See Berutti*, 2023 U.S. Dist. LEXIS 14131, at *17. And Plaintiffs do not cite to a single
factual allegation giving the Court any reason to second guess its prior finding.  *See*
Opp. Br. 18-21.

---

[5] *Berutti*, 2023 U.S. Dist. LEXIS 14131, at *12 ("[I]t is equally well settled that the
FDCA creates no private right of action.") (quotations omitted).

[6] It is unclear whether Plaintiffs are trying to make a direct claim under Rule 83(b)
or alleging that a violation of Rule 83(b) somehow creates an injury-in-fact for
standing. *See* Opp. Br. at 24 (suggesting standing). Rule 83(b) case law is very
limited, but in one published decision a court discussing Rule 83(b) held that a
standing order allegedly imposing a pleading requirement greater than Rule 8 did
not violate Rule 83(b). *See Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). But
whatever Plaintiffs are attempting to do with Rule 83(b), it fails.

Second, Mr. Berutti had "actual notice" under Rule 83(b) of the standing orders. The Court posted the standing orders on its website on or about September 13, 2021, and Mr. Berutti's courthouse incident occurred on June 6, 2022—nearly nine months later. SAC ¶ 17. As an attorney admitted to practice before this Court, Mr. Berutti is expected to know (and abide by) the local rules, standing orders, and internal operating procedures. *See generally* Local Civil Rule 101.1 (admission of attorneys). And under Rule 83(b), "[f]urnishing litigants with a copy outlining the judge's practices"—which came through the Court's website—is sufficient "to give actual notice." *See* Advisory Comm. Notes on 1995 Amendment to Rule 83.

Third, as set forth in the Federal Defendants' moving brief and below, the standing orders were "consistent with federal law" under Rule 83(b). Courts have broad and "inherent power to provide themselves with appropriate instruments required for the performance of their duties," such as standing orders. *See In re Peterson*, 253 U.S. 300, 312 (1920). And courts in this District have rejected specific challenges to Chief Judge Wolfson's pandemic-related standing orders implicating the constitutional rights of litigants. *See United States v. Kaetz*, No. 2:21-cr-71, 2021 U.S. Dist. LEXIS 65591, at *5-6 (D.N.J. Apr. 5, 2021) (Ranjan, J., sitting by designation) ("The well-supported standing orders, predicated on findings pertaining to 'real time' public-health risks, properly tolled the speedy trial clock."); *United States v. Lev*, Mag. No. 17-3195, 2020 U.S. Dist. LEXIS 90534, at *8-9 (D.N.J. May 22, 2020) (Clark, M.J.) (COVID-related standing orders not "fundamentally unfair or improper"). Other courts in the Third Circuit have also rejected challenges to

9

pandemic-related standing orders. *United States v. Howard*, No. 20-cr-53, 2021 U.S. Dist. LEXIS 81995, at *7 (M.D. Pa. Apr. 29, 2021) (Brann, J.). There is no reason to hold otherwise in this case. Thus, the Court should dismiss Plaintiffs' Rule 83(b) claim.

## V. The Standing Orders Do Not Violate Mr. Berutti's Alleged "Right of Audience" or the Equal Protection Clause

Plaintiffs insist that count one of their complaint is not an "access-to-courts" claim under the First Amendment, which would fail as a matter of law. *See* Opp. Br. at 25. Instead, Plaintiffs argue that they have a "right of audience" protected by the common law, First Amendment, and Equal Protection Clause, which they further describe as the right "for an attorney to appear in court on behalf of his or her client." *Id.* at 28, 31. No such unqualified right exists. Indeed, in relying on the dissent in an Oklahoma state supreme court case, *City Serv. Co. v. Gulf Oil Corp.*, 976 P.2d 545, 549 n.1 (Ok. 1999), Plaintiffs concede that "no binding authority exists either in favor of the right of audience or to the contrary." Opp. Br. at 28.

Plaintiffs have not established the existence of a "right of audience," and if the right exists at all, it does not give Mr. Berutti a constitutional right to dictate, on his own terms, how he should practice law or how this Court should address public health and safety concerns at the courthouse. It also does not give Mr. Berutti the authority to invalidate Chief Judge Wolfson's standing orders. "The United States Constitution does not create a right to practice law." *See In re Roberts*, 682 F.2d 105, 108 n.3 (3d Cir. 1982). Thus, "absent impingement on some other fundamental right, [the government] may establish regulations limiting admission to the bar subject only to

review under a rational relationship standard." *See Edelstein v. Wilentz*, 812 F.2d 128, 132 (3d Cir. 1987).

This Court's Local Civil Rules reflect limitations on attorney appearances before this Court, which do not infringe on an alleged "right of audience." For example, Local Civil Rule 101.1 prescribes the admission of New Jersey attorneys, appearances by patent attorneys and Assistant U.S. Attorneys, and *pro hac vice* admission. Likewise, Local Civil Rule 78.1 limits the ability of attorneys to make oral arguments before the Court. None of these Local Civil Rules violate Mr. Berutti's constitutional rights.

In the absence of a fundamental right, Chief Judge Wolfson's standing orders are (at most) subject to rational basis review, which is a "low bar" that they "comfortably clear." *See Oberheim*, 565 F. Supp. 3d at 619 (mask mandate subject to rational basis review). The standing orders "rationally further[] some legitimate, articulated . . . purpose." *Cf. id.* That is, the standing orders protect the "public health and safety" of Court personnel and visitors through "reasonable and prudent actions," while remaining committed to the Court's mission of rendering "sound administration of equal justice under law."[7]

Plaintiffs' reliance on the dissent in the Oklahoma state supreme court case *Gulf Oil Corp.* is misplaced. That case supports the Federal Defendants' position that Plaintiffs lack standing. In the Oklahoma case, the trial judge imposed non-monetary sanctions on two misbehaving attorneys, restricting their ability to represent their

---

[7] *See, e.g.*, https://www.njd.uscourts.gov/sites/njd/files/StandingOrder2.pdf.

11

client during the trial. 976 P.2d at 546. The Oklahoma state supreme court held that the sanctioned trial attorneys lacked standing to challenge the non-monetary restrictions on their own behalf. *Id.* at 549. The trial was complete, rendering the sanctions issue moot and not capable of repetition. *See id.* at 548. The state supreme court also questioned the attorneys' alleged injury-in-fact. *See id.* at 548-49. Thus, the state supreme court dismissed the attorneys' claims for lack of jurisdiction. *Id.* at 549. Only the non-binding dissent, *see* Ok. Const. Art. 7, § 5, suggested that the trial court's non-monetary restrictions created an injury-in-fact concerning the misbehaving attorneys' "right of audience." *Id.* at 549 n.1. Thus, *Gulf Oil Corp.* is of no help to Plaintiffs, and they fail to state a claim upon which relief can be granted under Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiffs' second amended complaint.

Respectfully submitted,

PHILLIP R. SELLINGER
United States Attorney

By:   /s/ John F. Basiak Jr.
JOHN F. BASIAK JR.
JOHN T. STINSON
Assistant United States Attorneys
*Attorneys for Federal Defendants*

Dated: May 31, 2023

12