TOTAL ESTIMATED ANNUALIZED BURDEN HOURS

| Form name | Number of respondents | Number of responses per respondent | Total responses | Average burden per response (in hours) | Total burden hours |
|---|---|---|---|---|---|
| Delta States Rural Development Network Program Performance Improvement Measurement System | 12 | 1 | 12 | 2 | 24 |
| Total | 12 | 1 | 12 | 2 | 24 |

These estimates were determined following consultations with three current Delta Program grantees. HRSA sent these grantees a draft of the questions that pertain to their projects. HRSA asked the grantees to estimate how much time it would take to answer the questions. HRSA expects the burden will vary across the grantees. This variation is tied primarily to the type of program activities specific to each grantee's project and current data collection system.

**Maria G. Button,**
*Director, Executive Secretariat.*
[FR Doc. 2023–10163 Filed 5–11–23; 8:45 am]
**BILLING CODE 4165–15–P**

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

**Office of the Secretary**

### Eleventh Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID–19

**ACTION:** Notice of amendment.

**SUMMARY:** The Secretary issues this amendment pursuant to section 319F–3 of the Public Health Service Act to update the determination of a public health emergency and clarify the disease threat, add two new limitations on distribution, extend the time period of coverage for certain Covered Countermeasures and Covered Persons, clarify the time period of coverage for Covered Persons authorized under the Declaration, extend the duration of the Declaration to December 31, 2024, and to republish the Declaration in full.

**DATES:** This amendment is effective as of May 11, 2023.

**FOR FURTHER INFORMATION CONTACT:** L. Paige Ezernack, Office of the Assistant Secretary for Preparedness and Response, Office of the Secretary, Department of Health and Human Services, 200 Independence Avenue SW, Washington, DC 20201; 202–260–0365, *paige.ezernack@hhs.gov.*

**SUPPLEMENTARY INFORMATION:** The Public Readiness and Emergency Preparedness Act (PREP Act) authorizes the Secretary of Health and Human Services (the Secretary) to issue a Declaration to provide liability immunity to certain individuals and entities (Covered Persons) against any claim of loss caused by, arising out of, relating to, or resulting from the manufacture, distribution, administration, or use of medical countermeasures (Covered Countermeasures), except for claims involving "willful misconduct" as defined in the PREP Act. Under the PREP Act, a Declaration may be amended as circumstances warrant.

The PREP Act was enacted on December 30, 2005, as Public Law 109–148, Division C, § 2. It amended the Public Health Service (PHS) Act, adding section 319F–3, which addresses liability immunity, and section 319F–4, which creates a compensation program. These sections are codified at 42 U.S.C. 247d–6d and 42 U.S.C. 247d–6e, respectively. Section 319F–3 of the PHS Act has been amended by the Pandemic and All-Hazards Preparedness Reauthorization Act (PAHPRA), Public Law 113–5, enacted on March 13, 2013, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Public Law 116–136, enacted on March 27, 2020, to expand Covered Countermeasures under the PREP Act.

On January 31, 2020, the former Secretary, Alex M. Azar II, declared a public health emergency pursuant to section 319 of the PHS Act, 42 U.S.C. 247d, effective January 27, 2020, for the entire United States to aid in the response of the nation's health care community to the COVID–19 outbreak. Pursuant to section 319 of the PHS Act, the declaration was renewed effective April 26, 2020, July 25, 2020, October 23, 2020, January 21, 2021, April 21, 2021, July 20, 2021, October 15, 2021, January 14, 2022, April 12, 2022, July 15, 2022, October 13, 2022, January 11, 2023, and February 11, 2023. The public health emergency declared under section 319 of the PHS Act is anticipated to no longer be in effect as of the end of the day on May 11, 2023. Nonetheless, as stated in section I of this amended PREP Act Declaration, I have determined there is a credible risk that COVID–19 may in the future constitute such an emergency and am thus amending this Declaration to prepare for and mitigate that risk.

On March 10, 2020, former Secretary Azar issued a Declaration under the PREP Act for medical countermeasures against COVID–19 (85 FR 15198, Mar. 17, 2020) (the Declaration). On April 10, 2020, the former Secretary amended the Declaration under the PREP Act to extend liability immunity to covered countermeasures authorized under the CARES Act (85 FR 21012, Apr. 15, 2020). On June 4, 2020, the former Secretary amended the Declaration to clarify that covered countermeasures under the Declaration include qualified countermeasures that limit the harm COVID–19 might otherwise cause. (85 FR 35100, June 8, 2020). On August 19, 2020, the former Secretary amended the Declaration to add additional categories of Qualified Persons and amend the category of disease, health condition, or threat for which he recommended the administration or use of the Covered Countermeasures. (85 FR 52136, Aug. 24, 2020).

On December 3, 2020, the former Secretary amended the Declaration to incorporate Advisory Opinions of the General Counsel interpreting the PREP Act and the Secretary's Declaration and authorizations issued by the Department's Office of the Assistant Secretary for Health as an Authority Having Jurisdiction to respond, added an additional category of qualified persons under Section V of the Declaration *i.e.,* healthcare personnel using telehealth to order or administer Covered Countermeasures for patients in a state other than the state where the healthcare personnel are permitted to practice; made explicit that the Declaration covers all qualified pandemic and epidemic products as defined under the PREP Act; added a third method of distribution to provide liability protections for, among other things, private distribution channels;

made explicit that there can be situations where not administering a covered countermeasure to a particular individual can fall within the PREP Act and the Declaration's liability protections; made explicit that there are substantive federal legal and policy issues and interests in having a unified whole-of-nation response to the COVID–19 pandemic among federal, state, local, and private-sector entities; revised the effective time period of the Declaration; and republished the Declaration in full. (85 FR 79190, Dec. 9, 2020).

On February 2, 2021, the Acting Secretary Norris Cochran amended the Declaration to add additional categories of Qualified Persons authorized to prescribe, dispense, and administer COVID–19 vaccines that are covered countermeasures under the Declaration (86 FR 7872, Feb. 2, 2021). On February 16, 2021, the Acting Secretary amended the Declaration to add additional categories of Qualified Persons authorized to prescribe, dispense, and administer COVID–19 vaccines that are covered countermeasures under the Declaration (86 FR 9516, Feb. 16, 2021) and on February 22, 2021, the Department filed a notice of correction to the February 2 and February 16 notices correcting effective dates stated in the Declaration, and correcting the description of qualified persons added by the February 16, 2021 amendment. (86 FR 10588, Feb. 22, 2021). On March 11, 2021, the Acting Secretary amended the Declaration to add additional Qualified Persons authorized to prescribe, dispense, and administer covered countermeasures under the Declaration. (86 FR 14462, Mar. 16, 2021).

On August 4, 2021, I amended the Declaration to clarify categories of Qualified Persons and to expand the scope of authority for certain Qualified Persons to administer seasonal influenza vaccines to adults. (86 FR 41977, Aug. 4, 2021). On September 14, 2021, I amended the Declaration to expand the scope of authority for certain Qualified Persons to administer COVID–19 therapeutics subcutaneously, intramuscularly, or orally (86 FR 51160, Sept. 14, 2021) and on September 30, 2021, the Department filed a notice of correction to the September 14 notice clarifying the terms ''ACIP recommendations'' and ''ACIP's standard immunization schedules.'' (86 FR 54696, Oct. 4, 2021). On January 7, 2022, I amended the Declaration to expand the scope of authority for licensed pharmacists to order and administer and qualified pharmacy interns to administer seasonal influenza vaccines. (87 FR 982, January 7, 2022).

I am now amending section I of the Declaration to update the determination of a public health emergency to state that COVID–19 presents a credible risk of a future public health emergency. While the Public Health Emergency declared pursuant to section 319 of the PHS Act is anticipated to no longer be in effect as of the end of the day on May 11, 2023, COVID–19 continues to present a credible risk of a future public health emergency. Continued coverage under the PREP Act, as provided in this Declaration, is intended to prepare for and mitigate that credible risk.

I am amending section VII of the Declaration to add a new limitation on distribution to provide coverage under this PREP Act Declaration through December 31, 2024 for manufacturing, distribution, administration and use of Covered Countermeasures while they are authorized for emergency use (EUA) by the Food and Drug Administration (FDA) pursuant to section 564 of the Federal Food, Drug & Cosmetic (FD&C) Act, regardless of any federal agreement related to manufacturing, distribution, administration or use of the countermeasures, and regardless of any federal, regional, state, or local emergency Declaration. This extended PREP Act coverage extends to manufacturers, distributors, program planners, qualified persons authorized under state law to administer the Covered Countermeasures, and qualified persons who are licensed pharmacists, pharmacy interns, and pharmacy technicians authorized under this Declaration to order and/or administer the Covered Countermeasures, when consistent with the terms of the EUA and is intended to allay any concerns about liability risks arising from continued manufacturing, distribution, administration or use of Covered Countermeasures while they are authorized under an EUA.

I am also amending section VII of the Declaration to add a new limitation on distribution to provide coverage under this PREP Act Declaration through December 31, 2024 for manufacturing, distribution, administration and use of Covered Countermeasures that are COVID–19 vaccines licensed by FDA, and any FDA approved or cleared in vitro diagnostic product or other device used to treat, diagnose, cure, prevent, or mitigate COVID–19, or the transmission of SARS–CoV–2 or a virus mutating therefrom regardless of any federal agreement related to manufacturing, distribution, administration or use of the vaccines or devices, and regardless of any federal, regional, state, or local emergency Declaration. This extended PREP Act coverage is intended to ensure that COVID–19 vaccines and devices remain eligible for coverage under the Countermeasures Injury Compensation Program and to ensure consistency in coverage for approved/cleared and authorized devices.

I am amending section VIII of the Declaration to clarify that the category of disease, health condition or health threat includes the burden on healthcare providers caused by coterminous seasonal influenza infections and COVID–19 infections.

I am also amending section XII of the Declaration to extend the time period of PREP Act coverage through December 31, 2024 to Qualified Persons who are licensed pharmacists to order and administer, and pharmacy interns and qualified pharmacy technicians to administer, Covered Countermeasures that are COVID–19 vaccines, seasonal influenza vaccines, and COVID–19 tests regardless of any federal agreement related to manufacturing, distribution, administration or use of these Covered Countermeasures and regardless of any federal, regional, state or local emergency Declaration or other limitations on distribution stated in section VII of the Declaration. Extending the time period for PREP Act coverage for licensed pharmacists, pharmacy interns, and qualified technicians allows for continued access by the recipient Population to Covered Countermeasures that are COVID–19 vaccines, seasonal influenza vaccines and COVID–19 tests.

As stated in prior amendments to this Declaration,[1] licensed pharmacists, pharmacy interns and qualified pharmacy technicians are well positioned to provide continued access to Covered Countermeasures, particularly in certain areas or for certain populations that have too few primary-care providers or that are otherwise medically underserved. As of 2022, nearly 90 percent of Americans lived within five miles of a community pharmacy.[2] During the COVID–19 pandemic, the majority of Americans have received their COVID–19 vaccines and tests from a pharmacy. In addition, continued access by the Population to seasonal influenza vaccines mitigates risks that seasonal influenza infections, in conjunction with COVID–19 infections, could overwhelm healthcare providers.

As qualified persons, these licensed pharmacists, pharmacy interns, and qualified pharmacy technicians will be afforded liability protections in accordance with the PREP Act and the terms of this amended Declaration. To the extent that any State law would otherwise prohibit these healthcare

professionals who are a ''qualified person'' from prescribing, dispensing, or administering Covered Countermeasures that are COVID–19 vaccines, seasonal influenza vaccines or COVID–19 tests, such law is preempted.[3]

Finally, I am amending section XII of this Declaration to clarify the time period of coverage for other qualified persons authorized under section V of the Declaration, and to extend the duration of the Declaration to December 2024 to coincide with the duration of other COVID–19 response programs.[4]

Other conforming changes and technical corrections are made throughout the Declaration for consistency and clarity.

**Declaration, as Amended, for Public Readiness and Emergency Preparedness Act Coverage for Medical Countermeasures Against COVID–19**

To the extent any term previously in the Declaration, including its amendments, is inconsistent with any provision of this Republished Declaration, the terms of this Republished Declaration are controlling. This Declaration must be construed in accordance with the Advisory Opinions of the Office of the General Counsel (Advisory Opinions).[5] I incorporate those Advisory Opinions as part of this Declaration. This Declaration is a ''requirement'' under the PREP Act.

*I. Determination of Public Health Emergency*

42 U.S.C. 247d–6d(b)(1)

I have determined that the spread of SARS–CoV–2 or a virus mutating therefrom and the resulting disease COVID–19 constitutes a credible risk of a future public health emergency. I further determine that use of any respiratory protective device approved by NIOSH under 42 CFR part 84, or any successor regulations, is a priority for use during the public health emergency that former Secretary Azar declared on January 31, 2020 under section 319 of the PHS Act for the entire United States to aid in the response of the nation's healthcare community to the COVID–19 outbreak.

*II. Factors Considered*

42 U.S.C. 247d–6d(b)(6)

I have considered the desirability of encouraging the design, development, clinical testing, or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, and use of the Covered Countermeasures.

*III. Recommended Activities*

42 U.S.C. 247d–6d(b)(1)

I recommend, under the conditions stated in this Declaration, the manufacture, testing, development, distribution, administration, and use of the Covered Countermeasures.

*IV. Liability Protections*

42 U.S.C. 247d–6d(a), 247d–6d(b)(1)

Liability protections as prescribed in the PREP Act and conditions stated in this Declaration are in effect for the Recommended Activities described in Section III.

*V. Covered Persons*

42 U.S.C. 247d–6d(i)(2), (3), (4), (6), (8)(A) and (B)

Covered Persons who are afforded liability immunity under this Declaration are ''manufacturers,'' ''distributors,'' ''program planners,'' ''qualified persons,'' and their officials, agents, and employees, as those terms are defined in the PREP Act, and the United States.

''Order'' as used herein and in guidance issued by the Office of the Assistant Secretary for Health[6] means a provider medication order, which includes prescribing of vaccines, or a laboratory order, which includes prescribing laboratory orders, if required.

''Qualified person'' includes (A) a licensed health professional or other individual who is authorized to prescribe, administer, or dispense such countermeasures under the law of the State in which the countermeasure was prescribed, administered, or dispensed; or (B) ''a person within a category of persons so identified in a Declaration by the Secretary'' under subsection (b) of the PREP Act. 42 U.S.C. 247d–6d(i)(8)

In addition, I have determined that the following additional persons are qualified persons:

(a) Any person authorized in accordance with the public health and medical emergency response of the Authority Having Jurisdiction, as described in Section VII below, to prescribe, administer, deliver, distribute or dispense the Covered Countermeasures, and their officials, agents, employees, contractors and volunteers, following a Declaration of an Emergency, as that term is defined in Section VII of this Declaration;[7]

(b) Any person authorized to prescribe, administer, or dispense the Covered Countermeasures or who is otherwise authorized to perform an activity under an Emergency Use Authorization in accordance with Section 564 of the FD&C Act.

(c) Any person authorized to prescribe, administer, or dispense Covered Countermeasures in accordance with Section 564A of the FD&C Act.

(d) A State-licensed pharmacist who orders and administers, and pharmacy interns and qualified pharmacy technicians who administer (if the pharmacy intern or technician acts under the supervision of such pharmacist and the pharmacy intern or technician is licensed or registered by his or her State board of pharmacy),[8] (1) vaccines that the Centers for Disease Control and Prevention (CDC)/Advisory Committee on Immunization Practices (ACIP) recommend [9] to persons ages three through 18 according to CDC's/ACIP's standard immunization schedule or (2) seasonal influenza vaccine administered by qualified pharmacy technicians and interns that the CDC/ACIP recommends to persons aged 19 and older according to CDC's/ACIP's standard immunization schedule; or (3) FDA authorized or FDA licensed COVID–19 vaccines to persons ages three or older. Such State-licensed pharmacists and the State-licensed or registered interns or technicians under their supervision are qualified persons only if the following requirements are met:

i. The vaccine must be authorized, approved, or licensed by the FDA.

ii. In the case of a COVID–19 vaccine, the vaccination must be ordered and administered according to CDC's/ACIP's COVID–19 vaccine recommendation(s).

iii. In the case of a childhood vaccine, the vaccination must be ordered and administered according to CDC's/ACIP's standard immunization schedule.

iv. In the case of seasonal influenza vaccine administered by qualified pharmacy technicians and interns, the vaccination must be ordered and administered according to CDC's/ACIP's standard immunization schedule.

v. In the case of pharmacy technicians, the supervising pharmacist must be readily and immediately available to the immunizing qualified pharmacy technician.

vi. The licensed pharmacist must have completed the immunization training that the licensing State requires for pharmacists to order and administer vaccines. If the State does not specify training requirements for the licensed pharmacist to order and administer vaccines, the licensed pharmacist must complete a vaccination training program of at least 20 hours that is approved by the ACPE to order and administer vaccines. Such a training program must include hands on injection technique,

clinical evaluation of indications and contraindications of vaccines, and the recognition and treatment of emergency reactions to vaccines.

vii. The licensed or registered pharmacy intern and qualified pharmacy technician must complete a practical training program that is approved by the ACPE. This training program must include hands-on injection technique, clinical evaluation of indications and contraindications of vaccines, and the recognition and treatment of emergency reactions to vaccines.

viii. The licensed pharmacist, licensed or registered pharmacy intern and qualified pharmacy technician must have a current certificate in basic cardiopulmonary resuscitation;[10]

ix. The licensed pharmacist must complete a minimum of two hours of ACPE-approved, immunization-related continuing pharmacy education during each State licensing period.

x. The licensed pharmacist must comply with recordkeeping and reporting requirements of the jurisdiction in which he or she administers vaccines, including informing the patient's primary care provider when available, submitting the required immunization information to the State or local immunization information system (vaccine registry), complying with requirements with respect to reporting adverse events, and complying with requirements whereby the person administering a vaccine must review the vaccine registry or other vaccination records prior to administering a vaccine;

xi. The licensed pharmacist must inform his or her childhood-vaccination patients and the adult caregiver accompanying the child of the importance of a well-child visit with a pediatrician or other licensed primary care provider and refer patients as appropriate; and

xii. The licensed pharmacist, the licensed or registered pharmacy intern and the qualified pharmacy technician must comply with any applicable requirements (or conditions of use) as set forth in the Centers for Disease Control and Prevention (CDC) COVID–19 vaccination provider agreement and any other federal requirements that apply to the administration of COVID–19 vaccine(s).

(e) Healthcare personnel using telehealth to order or administer Covered Countermeasures for patients in a state other than the state where the healthcare personnel are licensed or otherwise permitted to practice. When ordering and administering Covered Countermeasures by means of telehealth to patients in a state where the healthcare personnel are not already permitted to practice, the healthcare personnel must comply with all requirements for ordering and administering Covered Countermeasures to patients by means of telehealth in the state where the healthcare personnel are permitted to practice. Any state law that prohibits or effectively prohibits such a qualified person from ordering and administering Covered Countermeasures by means of telehealth is preempted.[11] Nothing in this Declaration shall preempt state laws that permit additional persons to deliver telehealth services.

(f) Any healthcare professional or other individual who holds an active license or certification permitting the person to prescribe, dispense, or administer vaccines under the law of any State as of the effective date of this amendment, or a pharmacist or pharmacy intern as authorized under the section V(d) of this Declaration, who prescribes, dispenses, or administers COVID–19 vaccines that are Covered Countermeasures under section VI of this Declaration in any jurisdiction where the PREP Act applies, other than the State in which the license or certification is held, in association with a COVID–19 vaccination effort by a federal, State, local Tribal or territorial authority or by an institution in the State in which the COVID–19 vaccine covered countermeasure is administered, so long as the license or certification of the healthcare professional has not been suspended or restricted by any licensing authority, surrendered while under suspension, discipline or investigation by a licensing authority or surrendered following an arrest, and the individual is not on the List of Excluded Individuals/Entities maintained by the Office of Inspector General, subject to Documentation of completion of the Centers for Disease Control and Prevention COVID–19 (CDC) Vaccine Training Modules [12] and, for healthcare providers who are not currently practicing, documentation of an observation period by a currently practicing healthcare professional experienced in administering intramuscular injections, and for whom administering intramuscular injections is in their ordinary scope of practice, who confirms competency of the healthcare provider in preparation and administration of the COVID–19 vaccine(s) to be administered.

(g) Any member of a uniformed service (including members of the National Guard in a Title 32 duty status) (hereafter in this paragraph ''service member'') or Federal government, employee, contractor, or volunteer who prescribes, administers, delivers, distributes or dispenses a Covered Countermeasure. Such Federal government service members, employees, contractors, or volunteers are qualified persons if the following requirement is met: The executive department or agency by or for which the Federal service member, employee, contractor, or volunteer is employed, contracts, or volunteers has authorized or could authorize that service member, employee, contractor, or volunteer to prescribe, administer, deliver, distribute, or dispense the Covered Countermeasure as any part of the duties or responsibilities of that service member, employee, contractor, or volunteer, even if those authorized duties or responsibilities ordinarily would not extend to members of the public or otherwise would be more limited in scope than the activities such service member, employees, contractors, or volunteers are authorized to carry out under this Declaration.

(h) The following healthcare professionals and students in a healthcare profession training program subject to the requirements of this paragraph:

1. Any midwife, paramedic, advanced or intermediate emergency medical technician (EMT), physician assistant, respiratory therapist, dentist, podiatrist, optometrist or veterinarian licensed or certified to practice under the law of any state who prescribes, dispenses, or administers COVID–19 vaccines that are Covered Countermeasures under section VI of this Declaration in any jurisdiction where the PREP Act applies in association with a COVID–19 vaccination effort by a State, local, Tribal or territorial authority or by an institution in which the COVID–19 vaccine covered countermeasure is administered;

2. Any physician, advanced practice registered nurse, registered nurse, practical nurse, pharmacist, pharmacy intern, midwife, paramedic, advanced or intermediate EMT, respiratory therapist, dentist, physician assistant, podiatrist, optometrist, or veterinarian who has held an active license or certification under the law of any State within the last five years, which is inactive, expired or lapsed, who prescribes, dispenses, or administers COVID–19 vaccines that are Covered Countermeasures under section VI of this Declaration in any jurisdiction where the PREP Act applies in association with a COVID–19 vaccination effort by a State, local, Tribal or territorial authority or by an institution in which the COVID–19

vaccine covered countermeasure is administered, so long as the license or certification was active and in good standing prior to the date it went inactive, expired or lapsed and was not revoked by the licensing authority, surrendered while under suspension, discipline or investigation by a licensing authority or surrendered following an arrest, and the individual is not on the List of Excluded Individuals/Entities maintained by the Office of Inspector General;

3. Any medical, nursing, pharmacy, pharmacy intern, midwife, paramedic, advanced or intermediate EMT, physician assistant, respiratory therapy, dental, podiatry, optometry or veterinary student with appropriate training in administering vaccines as determined by his or her school or training program and supervision by a currently practicing healthcare professional experienced in administering intramuscular injections who administers COVID–19 vaccines that are Covered Countermeasures under section VI of this Declaration in any jurisdiction where the PREP Act applies in association with a COVID–19 vaccination effort by a State, local, Tribal or territorial authority or by an institution in which the COVID–19 vaccine covered countermeasure is administered;

Subject to the following requirements:

i. The vaccine must be authorized, approved, or licensed by the FDA;

ii. Vaccination must be ordered and administered according to CDC's/ACIP's COVID–19 vaccine recommendation(s);

iii. The healthcare professionals and students must have documentation of completion of the Centers for Disease Control and Prevention COVID–19 Vaccine Training Modules and, if applicable, such additional training as may be required by the State, territory, locality, or Tribal area in which they are prescribing, dispensing, or administering COVID–19 vaccines;

iv. The healthcare professionals and students must have documentation of an observation period by a currently practicing healthcare professional experienced in administering intramuscular injections, and for whom administering vaccinations is in their ordinary scope of practice, who confirms competency of the healthcare provider or student in preparation and administration of the COVID–19 vaccine(s) to be administered and, if applicable, such additional training as may be required by the State, territory, locality, or Tribal area in which they are prescribing, dispensing, or administering COVID–19 vaccines;

v. The healthcare professionals and students must have a current certificate in basic cardiopulmonary resuscitation;[13]

vi. The healthcare professionals and students must comply with recordkeeping and reporting requirements of the jurisdiction in which he or she administers vaccines, including informing the patient's primary-care provider when available, submitting the required immunization information to the State or local immunization information system (vaccine registry), complying with requirements with respect to reporting adverse events, and complying with requirements whereby the person administering a vaccine must review the vaccine registry or other vaccination records prior to administering a vaccine; and

vii. The healthcare professionals and students comply with any applicable requirements (or conditions of use) as set forth in the Centers for Disease Control and Prevention (CDC) COVID–19 vaccination provider agreement and any other federal requirements that apply to the administration of COVID–19 vaccine(s).

(i) A State-licensed pharmacist who orders and administers, and pharmacy interns and qualified pharmacy technicians who administer (if the pharmacy intern or technician acts under the supervision of such pharmacist and the pharmacy intern or technician is licensed or registered by his or her State board of pharmacy)[14] FDA authorized, approved, or licensed COVID–19 therapeutics. Such State licensed pharmacists and the State licensed or registered interns or technicians under their supervision are qualified persons only if the following requirements are met:

i. The COVID–19 therapeutic must be authorized, approved, or licensed by the FDA;

ii. In the case of a licensed pharmacist ordering a COVID–19 therapeutic, the therapeutic must be ordered for subcutaneous, intramuscular, or oral administration and in accordance with the FDA approval, authorization, or licensing;

iii. In the case of licensed pharmacists, qualified pharmacy technicians, and licensed or registered pharmacy interns administering the COVID–19 therapeutic, the therapeutic must be administered subcutaneously, intramuscularly, or orally in accordance with the FDA approval, authorization, or licensing;

iv. In the case of qualified pharmacy technicians, the supervising pharmacist must be readily and immediately available to the qualified pharmacy technician;

v. In the case of COVID–19 therapeutics administered through intramuscular or subcutaneous injections, the licensed pharmacist, licensed or registered pharmacy intern and qualified pharmacy technician must complete a practical training program that is approved by the ACPE. This training program must include hands-on injection technique, clinical evaluation of indications and contraindications of COVID–19 therapeutics, the recognition and treatment of emergency reactions to COVID–19 therapeutics, and any additional training required in the FDA approval, authorization, or licensing;

vi. The licensed pharmacist, licensed or registered pharmacy intern and qualified pharmacy technician must have a current certificate in basic cardiopulmonary resuscitation;[15]

vii. The licensed pharmacist must comply with recordkeeping and reporting requirements of the jurisdiction in which he or she administers COVID–19 therapeutics; including informing the patient's primary-care provider when available and complying with requirements with respect to reporting adverse events; and

viii. The licensed pharmacist, the licensed or registered pharmacy intern and the qualified pharmacy technician must comply with any applicable requirements (or conditions of use) that apply to the administration of COVID–19 therapeutics.

(j) Any pharmacist who holds an active license or certification permitting the person to prescribe, dispense, or administer vaccines under the law of any State or who is authorized under Section V(d) of this Declaration who prescribes, dispenses, or administers seasonal influenza vaccines, or a pharmacy intern as authorized under the section V(d) of this Declaration who administers seasonal influenza vaccines, in any jurisdiction where the PREP Act applies, other than the State in which the license or certification is held, so long as the license or certification of the pharmacist or pharmacy intern has not been suspended or restricted by any licensing authority, surrendered while under suspension, discipline or investigation by a licensing authority or surrendered following an arrest, and the individual is not on the List of Excluded Individuals/Entities maintained by the Office of Inspector General.

Nothing in this Declaration shall be construed to affect the National Vaccine Injury Compensation Program, including an injured party's ability to obtain compensation under that program. Covered countermeasures that

are subject to the National Vaccine Injury Compensation Program authorized under 42 U.S.C. 300aa–10 *et seq.* are covered under this Declaration for the purposes of liability immunity and injury compensation only to the extent that injury compensation is not provided under that Program. All other terms and conditions of the Declaration apply to such covered countermeasures.

*VI. Covered Countermeasures*

42 U.S.C. 247d–6b(c)(1)(B), 42 U.S.C. 247d–6d(i)(1) and (7)

Covered Countermeasures are:

(a) Any antiviral, any drug, any biologic, any diagnostic, any other device, any respiratory protective device, or any vaccine manufactured, used, designed, developed, modified, licensed, or procured:

i. To diagnose, mitigate, prevent, treat, or cure COVID–19, or the transmission of SARS–CoV–2 or a virus mutating therefrom; or

ii. to limit the harm that COVID–19, or the transmission of SARS–CoV–2 or a virus mutating therefrom, might otherwise cause;

(b) a product manufactured, used, designed, developed, modified, licensed, or procured to diagnose, mitigate, prevent, treat, or cure a serious or life-threatening disease or condition caused by a product described in paragraph (a) above;

(c) a product or technology intended to enhance the use or effect of a product described in paragraph (a) or (b) above; or

(d) any device used in the administration of any such product, and all components and constituent materials of any such product.

To be a Covered Countermeasure under the Declaration, a product must also meet 42 U.S.C. 247d–6d(i)(1)'s definition of ''Covered Countermeasure.''

*VII. Limitations on Distribution*

42 U.S.C. 247d–6d(a)(5) and (b)(2)(E)

I have determined that liability protections are afforded to Covered Persons only for Recommended Activities involving:

(a) Covered Countermeasures that are related to present or future federal contracts, cooperative agreements, grants, other transactions, interagency agreements, memoranda of understanding, or other federal agreements;

(b) Covered Countermeasures that are related to activities authorized in accordance with the public health and medical response of the Authority Having Jurisdiction to prescribe, administer, deliver, distribute or dispense the Covered Countermeasures following a Declaration of Emergency;

(c) Covered Countermeasures other than those described in subsection (e) that are:

i. Licensed, approved or cleared by the FDA (or that are permitted to be used under an Investigational New Drug Application or an Investigational Device Exemption) under the FD&C Act or PHS Act to treat, diagnose, cure, prevent, mitigate, or limit the harm from COVID–19, or the transmission of SARS–CoV–2 or a virus mutating therefrom; or

ii. a respiratory protective device approved by NIOSH under 42 CFR part 84, or any successor regulations, that the Secretary determines to be a priority for use during a public health emergency declared under section 319 of the PHS Act to prevent, mitigate, or limit the harm from COVID–19, or the transmission of SARS–CoV–2 or a virus mutating therefrom.

To qualify for this third distribution channel, a Covered Person must manufacture, test, develop, distribute, administer, or use the Covered Countermeasure pursuant to the FDA licensure, approval, or clearance (or pursuant to an Investigational New Drug Application or Investigational Device Exemption), or the NIOSH approval;

(d) Covered Countermeasures that are authorized by the FDA under section 564 of the FD&C Act to treat, diagnose, cure, prevent, mitigate, or limit the harm from COVID–19, or the transmission of SARS–CoV–2 or a virus mutating therefrom. To qualify for this fourth distribution channel, a Covered Person must manufacture, test, develop, distribute, administer, or use the Covered Countermeasure pursuant to the FDA authorization; or

(e) Covered Countermeasures that are COVID–19 vaccines licensed by the FDA to prevent, mitigate, or limit the harm from COVID–19, or the transmission of SARS-CoV–2 or a virus mutating therefrom and any approved or cleared in vitro diagnostic product or other device used to treat, diagnose, cure, prevent, or mitigate COVID–19, or the transmission of SARS-CoV–2 or a virus mutating therefrom. To qualify for this fifth distribution channel, a Covered Person must manufacture, test, develop, distribute, administer, or use the Covered Countermeasure pursuant to the FDA license, clearance, or approval.

As used in this Declaration, the terms ''Authority Having Jurisdiction'' and ''Declaration of Emergency'' have the following meanings:

(i) The Authority Having Jurisdiction means the public agency or its delegate that has legal responsibility and authority for responding to an incident, based on political or geographical (*e.g.,* city, county, tribal, state, or federal boundary lines) or functional (*e.g.,* law enforcement, public health) range or sphere of authority.

(ii) A Declaration of Emergency means any declaration by any authorized local, regional, state, or federal official of an emergency specific to events that indicate an immediate need to administer and use the Covered Countermeasures, with the exception of a federal declaration in support of an Emergency Use Authorization under Section 564 of the FD&C Act unless such declaration specifies otherwise.

I have also determined that, for governmental program planners only, liability protections are afforded only to the extent such program planners obtain Covered Countermeasures through voluntary means, such as (a) donation; (b) commercial sale; (c) deployment of Covered Countermeasures from federal stockpiles; or (d) deployment of donated, purchased, or otherwise voluntarily obtained Covered Countermeasures from state, local, or private stockpiles.

*VIII. Category of Disease, Health Condition, or Threat*

42 U.S.C. 247d–6d(b)(2)(A)

The category of disease, health condition, or threat for which I recommend the administration or use of the Covered Countermeasures is not only COVID–19 caused by SARS–CoV–2, or a virus mutating therefrom, but also other diseases, health conditions, or threats that may have been caused by COVID–19, SARS–CoV–2, or a virus mutating therefrom, including the threat of increased burden on the healthcare system due to seasonal influenza infections occurring at the same time as COVID–19 infections, which will lead to an increase in the rate of infectious diseases.

*IX. Administration of Covered Countermeasures*

42 U.S.C. 247d–6d(a)(2)(B)

Administration of the Covered Countermeasure means physical provision of the countermeasures to recipients, or activities and decisions directly relating to public and private delivery, distribution and dispensing of the countermeasures to recipients, management and operation of countermeasure programs, or management and operation of locations for the purpose of distributing and dispensing countermeasures. Where there are limited Covered

Countermeasures, *not* administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute "relating to . . . the administration to . . . an individual" under 42 U.S.C. 247d–6d. For example, consider a situation where there is only one dose [16] of a COVID–19 vaccine, and a person in a vulnerable population and a person in a less vulnerable population both request it from a healthcare professional. In that situation, the healthcare professional administers the one dose to the person who is more vulnerable to COVID–19. In that circumstance, the failure to administer the COVID–19 vaccine to the person in a less-vulnerable population "relat[es] to . . . the administration to" the person in a vulnerable population. The person in the vulnerable population was able to receive the vaccine only because it was not administered to the person in the less-vulnerable population. Prioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health authority's directive, can fall within the PREP Act and this Declaration's liability protections.

*X. Population*

42 U.S.C. 247d–6d(a)(4), 247d–6d(b)(2)(C)

The populations of individuals to whom the liability protections of this Declaration extend include any individual who uses or is administered the Covered Countermeasures in accordance with this Declaration.

Liability protections are afforded to manufacturers and distributors without regard to whether the countermeasure is used by or administered to this population; liability protections are afforded to program planners and qualified persons when the countermeasure is used by or administered to this population, or the program planner or qualified person reasonably could have believed the recipient was in this population.

*XI. Geographic Area*

42 U.S.C. 247d–6d(a)(4), 247d–6d(b)(2)(D)

Liability protections are afforded for the administration or use of a Covered Countermeasure without geographic limitation.

Liability protections are afforded to manufacturers and distributors without regard to whether the Covered Countermeasure is used by or administered in any designated geographic area; liability protections are afforded to program planners and qualified persons when the countermeasure is used by or administered in any designated geographic area, or the program planner or qualified person reasonably could have believed the recipient was in that geographic area.

COVID–19 is a global challenge that requires a whole-of-nation response. There are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc.* v. *Darue Eng'g. & Mf'g.,* 545 U.S. 308 (2005), in having a unified, whole-of-nation response to the COVID–19 pandemic among federal, state, local, and private-sector entities. The world faced an unprecedented pandemic. To effectively respond, there needed to be a more consistent pathway for Covered Persons to manufacture, distribute, administer or use Covered Countermeasures across the nation and the world. Thus, there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc.* v. *Darue Eng'g. & Mf'g.,* 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act. Under the PREP Act, the sole exception to the immunity from suit and liability of covered persons under the PREP Act is an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct by such covered person. In all other cases, an injured party's exclusive remedy is an administrative remedy under section 319F–4 of the PHS Act. Through the PREP Act, Congress delegated to me the authority to strike the appropriate Federal-state balance with respect to Covered Countermeasures through PREP Act Declarations.[17]

*XII. Effective Time Period*

42 U.S.C. 247d–6d(b)(2)(B)

The effective time period for Covered Countermeasures and Covered Persons depends on the means of distribution identified in Section VII of this Declaration as applied to categories of Countermeasures and Qualified Persons:

(a) Liability protections for any respiratory protective device approved by NIOSH under 42 CFR part 84, or any successor regulations, through the means of distribution identified in Section VII(a) of this Declaration, begin on March 27, 2020 and extend through December 31, 2024.

(b) Liability protections for all other Covered Countermeasures identified in Section VI of this Declaration, through means of distribution identified in Section VII(a) of this Declaration, begin on February 4, 2020 and extend through December 31, 2024.

(c) Liability protections for all Covered Countermeasures administered and used in accordance with the public health and medical response of the Authority Having Jurisdiction, as identified in Section VII(b) of this Declaration, begin with a Declaration of Emergency as that term is defined in Section VII (except that, with respect to qualified persons who order or administer a routine childhood vaccination that CDC/ACIP recommends to persons ages three through 18 according to CDC's/ACIP's standard immunization schedule, liability protections began on August 24, 2020), and last through (a) the final day the Declaration of Emergency is in effect, or (b) December 31, 2024, whichever occurs first.

(d) Liability protections for all Covered Countermeasures identified in Section VII(c) of this Declaration that are licensed, approved or cleared by the FDA begin on December 9, 2020, and last through the final day the Declaration of Emergency is in effect or December 31, 2024 whichever occurs first. Liability protections for all Covered Countermeasures identified in Section VII(c) of this Declaration that are approved by NIOSH last for the time period stated in section (a) of this Section XII.

(e) Liability protections for all Covered Countermeasures identified in Section VII(d) of this Declaration begin on December 9, 2020, and last until December 31, 2024, regardless of any Declaration of Emergency that might otherwise terminate the time period of coverage under paragraphs (c) or (d) of this Section XII.

(f) Liability protections for all Covered Countermeasures identified in Section VII(e) of this Declaration begin on December 9, 2020, and last until December 31, 2024, regardless of any Declaration of Emergency that might otherwise terminate the time period of coverage under paragraphs (c) or (d) of this Section XII.

(g) Liability protections for Manufacturers, Distributors, and Program Planners, as defined at 42 U.S.C. 247d–6d(i), begin on February 4, 2020, and last through the time periods stated in paragraphs (a)–(f) of this Section XII.

(h) Liability protections for Qualified Persons who are a licensed health professional or other individual who is authorized to prescribe, administer, or dispense such countermeasures under the law of the State in which the

countermeasure was prescribed, administered, or dispensed begin on February 4, 2020, and last through the time periods stated in paragraphs (a)–(f) of this Section XII.

(i) Liability protections for Additional Qualified Persons identified under section V of the Declaration and in Guidance implementing section V of the Declaration begin on the dates listed below, and last through the time periods stated in paragraphs (a)–(d) of this section XII of the Declaration, unless otherwise stated in this paragraph (i).

i. Liability protections for Qualified Persons under section V(d) of the Declaration who are licensed pharmacists to order and administer, and licensed or registered pharmacy interns and qualified pharmacy technicians to administer CDC/ACIP recommended vaccines for persons aged three through 18 (other than seasonal influenza vaccines and COVID–19 vaccines) begins on August 24, 2020.

ii. Liability protections for Qualified Persons under section V(d) of the Declaration who are licensed pharmacists to order and administer, and licensed or registered pharmacy interns and qualified pharmacy technicians to administer CDC/ACIP recommended seasonal influenza vaccines for persons aged three through 18 begins on August 24, 2020, and lasts through December 31, 2024 regardless of the time periods stated in paragraphs (c)–(d) of this section XII or limitations on distribution stated in section VII (a)–(b) of this Declaration.

iii. Liability protections for Qualified Persons under section V(d) of the Declaration who are licensed pharmacists to order and administer, and pharmacy interns and qualified pharmacy technicians to administer, COVID–19 vaccines to individuals aged three and above begins on February 4, 2020 and lasts through December 31, 2024 regardless of the time periods stated in paragraphs (c)–(d) of this section XII or limitations on distribution stated in section VII (a)–(b) of this Declaration.

iv. Liability protections for Qualified Persons under section V(d) of the Declaration who are licensed pharmacists to order and administer, and pharmacy interns and qualified pharmacy technicians to administer, seasonal influenza vaccines to individuals aged nineteen and above begins on August 4, 2021 and lasts through December 31, 2024, regardless of the time periods stated in paragraphs (c)–(d) of this section XII or limitations on distribution stated in section VII (a)–(b) of this Declaration.

v. Liability protections for Qualified Persons under section V(e) of the Declaration begin on February 4, 2020.

vi. Liability protections for Qualified Persons under section V(f) of the Declaration begin on February 2, 2021.

vii. Liability protections for Qualified Persons under section V(g) of the Declaration begin on February 16, 2021, and last through December 31, 2024.

xiii. Liability protections for Qualified Persons who are physicians, advanced practice registered nurses, registered nurses, or practical nurses under section V(h) of the Declaration begin on February 2, 2021 with additional conditions effective as of March 11, 2021 and liability protections for all other Qualified persons under section V(h) begin on March 11, 2021.

ix. Liability protections for Qualified Persons under section V(i) of the Declaration who are licensed pharmacists to order and administer and qualified pharmacy technicians and licensed or registered pharmacy interns to administer COVID–19 therapeutics identified in Section VII(d) of the Declaration begin on September 9, 2021 and last through December 31, 2024 regardless of time periods stated in paragraphs (c)–(d) of this section or limitations on distribution stated in section VII (a)–(b) of this Declaration.

x. Liability protections for Qualified Persons under section V(i) of the Declaration who are licensed pharmacists to order and administer and qualified pharmacy technicians and licensed or registered pharmacy interns to administer COVID–19 therapeutics identified in Section VII(c) of the Declaration begin on September 9, 2021.

xi. Liability protections for Qualified Persons under section V(j) of the Declaration begin on December 30, 2021.

xii. Liability protections for Qualified Persons authorized under Guidance issued by this Department as an Authority Having Jurisdiction to respond to a declared emergency, incorporated into this Declaration by reference,[18] to administer COVID–19 tests who are licensed pharmacists begin April 8, 2020 and last until December 31, 2024 regardless of any limitations stated in paragraphs (c)–(d) of this Section XII or limitations on distribution stated in section VII (a)–(b) of this Declaration.

xiii. Liability protections for Qualified Persons authorized under Guidance issued by this Department as an Authority Having Jurisdiction to respond to a declared emergency, incorporated into this Declaration by reference,[19] to administer COVID–19 tests who are licensed or registered pharmacy interns or qualified pharmacy technicians begin October 20, 2020 and last until December 31, 2024 regardless of any limitations stated in paragraphs (c)–(d) of this Section XII or limitations on distribution stated in section VII (a)–(b) of this Declaration.

xiv. Liability protections for Qualified Persons authorized under Guidance issued by this Department as an Authority Having Jurisdiction to respond to a declared emergency, incorporated into this Declaration by reference,[20] who are pharmacies when their staff pharmacists order and administer, or their pharmacy interns and pharmacy technicians administer COVID–19 vaccines to individuals aged three and above, seasonal influenza vaccines to individuals aged three through eighteen, seasonal influenza vaccines to individuals aged nineteen and above, COVID–19 tests, and COVID–19 therapeutics identified in Section VII(d) of the Declaration begin October 29, 2020 and last until December 31, 2024 regardless of any limitations stated in paragraphs (c)–(d) of this Section XII or limitations on distribution stated in section VII (a)–(b) of this Declaration.

xv. Liability protections for Qualified Persons authorized under Guidance issued by this Department as an Authority Having Jurisdiction to respond to a declared emergency, incorporated into this Declaration by reference,[21] who are pharmacies when their staff pharmacists order and administer, or their pharmacy interns and pharmacy technicians administer CDC/ACIP recommended vaccines for persons aged three through 18 (other than seasonal influenza vaccines and COVID–19 vaccines) and countermeasures identified in Section VII(c) of the Declaration begin October 29, 2020.

xv. Liability protections for Qualified Persons authorized under Guidance issued by this Department as an Authority Having Jurisdiction to respond to a declared emergency, incorporated into this Declaration by reference [22] to prescribe or administer point-of-care COVID–19 tests, using anterior nares specimen collection or self-collection, for screening in congregate facilities across the Nation who are licensed healthcare practitioners begin August 31, 2020 and last until December 31, 2024 regardless of any limitations stated in paragraphs (c)–(d) of this Section XII or limitations on distribution stated in section VII (a)–(b) of this Declaration.

## XIII. Additional Time Period of Coverage

42 U.S.C. 247d–6d(b)(3)(B) and (C)

I have determined that an additional 12 months of liability protection is reasonable to allow for the manufacturer(s) to arrange for disposition of the Covered Countermeasure, including return of the Covered Countermeasures to the manufacturer, and for Covered Persons to take such other actions as are appropriate to limit the administration or use of the Covered Countermeasures.

Covered Countermeasures obtained for the SNS during the effective period of this Declaration are covered through the date of administration or use pursuant to a distribution or release from the SNS.

## XIV. Countermeasures Injury Compensation Program

42 U.S.C 247d–6e

The PREP Act authorizes the Countermeasures Injury Compensation Program (CICP) to provide benefits to certain individuals or estates of individuals who sustain a covered serious physical injury as the direct result of the administration or use of the Covered Countermeasures, and benefits to certain survivors of individuals who die as a direct result of the administration or use of the Covered Countermeasures. The causal connection between the countermeasure and the serious physical injury must be supported by compelling, reliable, valid, medical and scientific evidence in order for the individual to be considered for compensation. The CICP is administered by the Health Resources and Services Administration, within the Department of Health and Human Services. Information about the CICP is available at the toll-free number 1–855–266–2427 or *http://www.hrsa.gov/cicp/*.

## XV. Amendments

42 U.S.C. 247d–6d(b)(4)

Amendments to this Declaration will be published in the **Federal Register**, as warranted.

Authority: 42 U.S.C. 247d–6d.

Dated: May 9, 2023.

**Xavier Becerra,**
*Secretary, U.S. Department of Health and Human Services.*

---

[1] Third Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID–19, 85 FR 53126 (August 24, 2020); Tenth Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID–19, 87 FR 982 (April 14, 2022).

[2] Gallagher, A. ''Study: 88.9% of US Population Lives Within 5 Miles of a Community Pharmacy,'' Pharmacy Times (August 4, 2022) available at: *https://www.pharmacytimes.com/view/study-88-9-of-us-population-lives-within-5-miles-of-a-community-pharmacy* (last visited Apr. 21, 2023).

[3] Department of Health and Human Services General Counsel Advisory Opinion on the Public Readiness and Emergency Preparedness Act, May 19, 2020, available at: *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/advisory-opinion-20-02-hhs-ogc-prep-act.pdf.* (last visited April 14, 2023). *See also,* Department of Justice Office of Legal Counsel Advisory Opinion for Robert P. Charrow, General Counsel of the Department of Health and Human Services, January 12, 2021, available at: *https://www.justice.gov/sites/default/files/opinions/attachments/2021/01/19/2021-01-19-prep-act-preemption.pdf* (last visited April 14, 2023).

[4] Section 4113, Consolidated Appropriations Act, 2023, Public Law 117–328 (December 29, 2022).

[5] *See, e.g.,* Advisory Opinion on the Public Readiness and Emergency Preparedness Act and the March 10, 2020 Declaration under the Act, Apr. 17, 2020, as Modified on May 19, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/prep-act-advisory-opinion-hhs-ogc.pdf* (last visited Apr. 3, 2023); Advisory Opinion 20–02 on the Public Readiness and Emergency Preparedness Act and the Secretary's Declaration under the Act, May 19, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/advisory-opinion-20-02-hhs-ogc-prep-act.pdf* (last visited Apr. 3, 2023); Advisory Opinion 20–03 on the Public Readiness and Emergency Preparedness Act and the Secretary's Declaration under the Act, Oct. 22, 2020, as Modified on Oct. 23, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/AO3.1.2_Updated_FINAL_SIGNED_10.23.20.pdf* (last visited Apr. 3, 2023); Advisory Opinion 20–04 on the Public Readiness and Emergency Preparedness Act and the Secretary's Declaration under the Act, Oct. 22, 2020, as Modified on Oct. 23, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/AO%204.2_Updated_FINAL_SIGNED_10.23.20.pdf* (last visited Apr. 3, 2023).

[6] Guidance for Licensed Pharmacists, COVID–19 Testing, and Immunity Under the PREP Act, OASH, Apr. 8, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//authorizing-licensed-pharmacists-to-order-and-administer-covid-19-tests.pdf* (last visited Apr. 3, 2023); Guidance for Licensed Pharmacists and Pharmacy Interns Regarding COVID–19 Vaccines and Immunity under the PREP Act, OASH, Sept. 3, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//licensed-pharmacists-and-pharmacy-interns-regarding-covid-19-vaccines-immunity.pdf* (last visited Apr. 3, 2023).

[7] See, *e.g.,* Guidance for Licensed Pharmacists, COVID–19 Testing, and Immunity Under the PREP Act, OASH, Apr. 8, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/authorizing-licensed-pharmacists-to-order-and-administer-covid-19-tests.pdf* (last visited Apr. 3, 2023); Guidance for PREP Act Coverage for COVID–19 Screening Tests at Nursing Homes, Assisted-Living Facilities, Long-Term-Care Facilities, and other Congregate Facilities, OASH, Aug. 31, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/prep-act-coverage-for-screening-in-congregate-settings.pdf* (last visited Apr. 3, 2023); Guidance for Licensed Pharmacists and Pharmacy Interns Regarding COVID–19 Vaccines and Immunity under the PREP Act, OASH, Sept. 3, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//licensed-pharmacists-and-pharmacy-interns-regarding-covid-19-vaccines-immunity.pdf* (last visited Apr. 3, 2023); Guidance for PREP Act Coverage for Qualified Pharmacy Technicians and State-Authorized Pharmacy Interns for Childhood Vaccines, COVID–19 Vaccines, and COVID–19 Testing, OASH, Oct. 20, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-guidance.pdf* (last visited Apr. 3, 2023); PREP Act Authorization for Pharmacies Distributing and Administering Certain Covered Countermeasures, Oct. 29, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-authorization-pharmacies-administering-covered-countermeasures.pdf* (last visited Apr. 3, 2023) (collectively, OASH PREP Act Authorizations). Nothing herein shall suggest that, for purposes of the Declaration, the foregoing are the only persons authorized in accordance with the public health and medical emergency response of the Authority Having Jurisdiction.

[8] Some states do not require pharmacy interns to be licensed or registered by the state board of pharmacy. As used herein, ''State-licensed or registered intern'' (or equivalent phrases) refers to pharmacy interns authorized by the state or board of pharmacy in the state in which the practical pharmacy internship occurs. The authorization can, but need not, take the form of a license from, or registration with, the State board of pharmacy. Similarly, states vary on licensure and registration requirements for pharmacy technicians. Some states require certain education, training, and/or certification for licensure or registration; others either have no prerequisites for licensure or registration or do not require licensure or registration at all. As used herein, to be a ''qualified pharmacy technician,'' pharmacy technicians working in states with licensure and/or registration requirements must be licensed and/or registered in accordance with state requirements; pharmacy technicians working in states without licensure and/or registration requirements must have a CPhT certification from either the Pharmacy Technician Certification Board or National Healthcareer

Association. *See* Guidance for PREP Act Coverage for Qualified Pharmacy Technicians and State-Authorized Pharmacy Interns for Childhood Vaccines, COVID–19 Vaccines, and COVID–19 Testing, OASH, Oct. 20, 2020 at 2, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-guidance.pdf* (last visited Apr. 3, 2023).

[9] Where the term CDC/ACIP recommendations, standard immunization schedules, or similar language is used, this includes both direct CDC recommendations as well as recommendations adopted by the CDC Director after recommendation by ACIP, which are commonly referred to as ACIP recommendations or schedules.

[10] This requirement is satisfied by, among other things, a certification in basic cardiopulmonary resuscitation by an online program that has received accreditation from the American Nurses Credentialing Center, the ACPE, or the Accreditation Council for Continuing Medical Education. The phrase "current certificate in basic cardiopulmonary resuscitation," when used in the September 3, 2020 or October 20, 2020 OASH authorizations, shall be interpreted the same way. *See* Guidance for Licensed Pharmacists and Pharmacy Interns Regarding COVID–19 Vaccines and Immunity under the PREP Act, OASH, Sept. 3, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//licensed-pharmacists-and-pharmacy-interns-regarding-covid-19-vaccines-immunity.pdf* (last visited Apr. 3, 2023); Guidance for PREP Act Coverage for Qualified Pharmacy Technicians and State-Authorized Pharmacy Interns for Childhood Vaccines, COVID–19 Vaccines, and COVID–19 Testing, OASH, Oct. 20, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-guidance.pdf* (last visited Apr. 3, 2023).

[11] See, *e.g.,* Advisory Opinion 20–02 on the Public Readiness and Emergency Preparedness Act and the Secretary's Declaration under the Act, May 19, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/advisory-opinion-20-02-hhs-ogc-prep-act.pdf* (last visited Apr. 3, 2023).

[12] See COVID–19 Vaccine Training Modules, available at *https://www.cdc.gov/vaccines/covid-19/training.html.*

[13] This requirement is satisfied by, among other things, a certification in basic cardiopulmonary resuscitation by an online program that has received accreditation from the American Nurses Credentialing Center, the ACPE, or the Accreditation Council for Continuing Medical Education. The phrase "current certificate in basic cardiopulmonary resuscitation," when used in the September 3, 2020 or October 20, 2020 OASH authorizations, shall be interpreted the same way. *See* Guidance for Licensed Pharmacists and Pharmacy Interns Regarding COVID–19 Vaccines and Immunity under the PREP Act, OASH, Sept. 3, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//licensed-pharmacists-and-pharmacy-interns-regarding-covid-19-vaccines-immunity.pdf* (last visited Apr. 3, 2023); Guidance for PREP Act Coverage for Qualified Pharmacy Technicians and State-Authorized Pharmacy Interns for Childhood Vaccines, COVID–19 Vaccines, and COVID–19 Testing, OASH, Oct. 20, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-guidance.pdf* (last visited Apr. 3, 2023).

[14] Some states do not require pharmacy interns to be licensed or registered by the state board of pharmacy. As used herein, "State-licensed or registered intern" (or equivalent phrases) refers to pharmacy interns authorized by the state or board of pharmacy in the state in which the practical pharmacy internship occurs. The authorization can, but need not, take the form of a license from, or registration with, the State board of pharmacy. Similarly, states vary on licensure and registration requirements for pharmacy technicians. Some states require certain education, training, and/or certification for licensure or registration; others either have no prerequisites for licensure or registration or do not require licensure or registration at all. As used herein, to be a "qualified pharmacy technician," pharmacy technicians working in states with licensure and/or registration requirements must be licensed and/or registered in accordance with state requirements; pharmacy technicians working in states without licensure and/or registration requirements must have a CPhT certification from either the Pharmacy Technician Certification Board or National Healthcareer Association. *See* Guidance for PREP Act Coverage for Qualified Pharmacy Technicians and State-Authorized Pharmacy Interns for Childhood Vaccines, COVID–19 Vaccines, and COVID–19 Testing, OASH, Oct. 20, 2020 at 2, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-guidance.pdf* (last visited Apr. 3, 2023).

[15] This requirement is satisfied by, among other things, a certification in basic cardiopulmonary resuscitation by an online program that has received accreditation from the American Nurses Credentialing Center, the ACPE, or the Accreditation Council for Continuing Medical Education. The phrase "current certificate in basic cardiopulmonary resuscitation," when used in the September 3, 2020 or October 20, 2020 OASH authorizations, shall be interpreted the same way. *See* Guidance for Licensed Pharmacists and Pharmacy Interns Regarding COVID–19 Vaccines and Immunity under the PREP Act, OASH Guidance for Licensed Pharmacists and Pharmacy Interns Regarding COVID–19 Vaccines and Immunity under the PREP Act, OASH, Sept. 3, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//licensed-pharmacists-and-pharmacy-interns-regarding-covid-19-vaccines-immunity.pdf* (last visited Apr. 3, 2023); Guidance for PREP Act Coverage for Qualified Pharmacy Technicians and State-Authorized Pharmacy Interns for Childhood Vaccines, COVID–19 Vaccines, and COVID–19 Testing, OASH, Oct. 20, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-guidance.pdf* (last visited Apr. 3, 2023).

[16] For simplicity, this example assumes a patient only requires one dose of the vaccine.

[17] 42 U.S.C. 247d–6d(b)(7) provides that "[n]o court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary under this subsection."

[18] See, Guidance for Licensed Pharmacists, COVID–19 Testing, and Immunity Under the PREP Act, OASH, Apr. 8, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//authorizing-licensed-pharmacists-to-order-and-administer-covid-19-tests.pdf* (last visited Apr. 3, 2023).

[19] Guidance for PREP Act Coverage for Qualified Pharmacy Technicians and State-Authorized Pharmacy Interns for Childhood Vaccines, COVID–19 Vaccines, and COVID–19 Testing, OASH, Oct. 20, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-guidance.pdf* (last visited Apr. 3, 2023).

[20] PREP Act Authorization for Pharmacies Distributing and Administering Certain Covered Countermeasures, OASH, Oct. 29, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-authorization-pharmacies-administering-covered-countermeasures.pdf* (last visited Apr. 14, 2023).

[21] PREP Act Authorization for Pharmacies Distributing and Administering Certain Covered Countermeasures, OASH, Oct. 29, 2020, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents//prep-act-authorization-pharmacies-administering-covered-countermeasures.pdf* (last visited Apr. 14, 2023).

[22] Guidance for PREP Act Coverage for COVID–19 Screening Tests at Nursing Homes, Assisted-Living Facilities, Long-Term-Care Facilities, and other Congregate Facilities, OASH, August 31, 2023, available at *https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/prep-act-coverage-for-screening-in-congregate-settings.pdf* (last visited April 14, 2023).

[FR Doc. 2023–10216 Filed 5–11–23; 8:45 am]
**BILLING CODE 4150–37–P**

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

### National Institutes of Health

### Center for Scientific Review; Notice of Closed Meetings

Pursuant to section 1009 of the Federal Advisory Committee Act, as amended, notice is hereby given of the following meetings.

The meetings will be closed to the public in accordance with the provisions set forth in sections 552b(c)(4) and 552b(c)(6), Title 5 U.S.C., as amended. The grant applications and the discussions could disclose confidential trade secrets or commercial